## DAY v. THE STATE.

LUMPKIN, J. 1. Where a man was inside a house of bad repute with the inmates, and two other men came to the door and demanded admittance, one of them kicking the door and threatening to "turn the house over" when the keeper refused to allow them to enter, but did not threaten the man within, or appear to know of his presence, and the latter shot and killed such person as he and his companion were leaving, it was admissible, on the trial of the slayer for murder, to show that he did not live there and the house was not his home.

(a) The allowance, in the same connection, of an additional statement that he was a married man with a family will not cause a new trial, no injury to the defendant appearing therefrom.

2. This case did not depend wholly on circumstantial evidence, and there was no error in failing to charge as to the degree of satisfaction necessary in cases of that character.

3. The evidence, without conflict, showing the homicide, and the defendant in his statement practically admitting that he did the killing, but setting up that he fired a gun merely to frighten the deceased and another, and with no intention to hit or kill them, the admission of some evidence, before the statement was made, to show that the shot was fired from the direction of the house where the defendant was, even if some of it was objectionable, furnished no cause for a new trial.

4. The charge of the court submitted to the jury the issues as to whether the accused killed the deceased, and, if so, whether it was malicious and designed and constituted murder, or whether it was involuntary manslaughter, or whether it was done by misfortune or accident, as claimed by the accused. Taken as a whole, the charge fairly covered the issues, and was as favorable to the accused as the evidence authorized. If there were any inaccuracies of expression in any of the excerpts complained of, they were not such as to require a new trial.

5. The evidence fully supported the verdict, and there was no error in refusing a new trial.          *Judgment affirmed. All the Justices concur.*

Argued October 18,—Decided November 17, 1909.

Indictment for murder. Before Judge Parker. Coffee superior court. July 24, 1909.

*Levi O'Steen, J. W. Quincey, J. N. McDonald,* and *Wilson, Bennett & Lambdin,* for plaintiff in error.

*John C. Hart, attorney-general, J. H. Thomas, solicitor-general, Lankford & Dickerson,* and *F. Willis Dart,* contra.