CHARLES A. ROSS *vs.* EMERY L. CRANE.

SAME *vs.* SAME.

Norfolk.    April 29, 1935. — May 6, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Elections. Mandamus. Witness,* Self-incrimination, Immunity. *Constitutional Law,* Self-incrimination of witness, Assertion of constitutional rights. *Statute,* Revision.

Where the parties to mandamus proceedings agreed upon the material facts disclosed by the pleadings and the case was reported by a single justice without decision, the sole question presented to the full court was whether on such facts the writ ought to issue as matter of law.

The provision of art. 12 of the Declaration of Rights that "No subject shall . . . be compelled to accuse, or furnish evidence against himself" does not deprive the General Court of power to compel the giving of testimony which might incriminate the witness provided immunity be accorded to him commensurate with the constitutional protection. Per RUGG, C.J.

The respondent in an election petition instituted pursuant to G. L. (Ter. Ed.) c. 55, § 37, who was voluntarily present at the hearing thereof and, although not served with process to compel his testi-

mony, took the witness stand without objection when called as a witness for the petitioners and testified at length concerning the matters then in issue, without suggesting that his testimony might incriminate him or subject him to a penalty or forfeiture, or asking to be excused from testifying on any ground, was not a "person called to testify upon" the petition within the meaning of subsection (h) of said § 37, and, after a decree voiding his election, ousting him from office and declaring the office vacant, was not relieved by the provisions of said subsection (h) of the disqualifications created by subsection (j) and c. 56, § 54, rendering him ineligible for that office when the vacancy so created was to be filled and ineligible to hold public office or vote for three years.

The immunity granted by G. L. (Ter. Ed.) c. 55, § 37 (h), to a "person called to testify upon an election petition" can be claimed only if he sought to be excused from so testifying upon the ground of self-incrimination.

An election petition under G. L. (Ter. Ed.) c. 55, § 37, is a civil, not a criminal, proceeding, and the disqualifications attaching to the respondent therein in the event of a decision adverse to him are merely remed'al measures, not penalties or forfeitures in any criminal sense; and therefore there was no merit in a contention by such a respondent that because he testified as a witness for the petitioners at the hearing of the petition such disqualifications did not attach to him under subsection (h) of said § 37 and that he was entitled to remain on the voting list and to seek election to fill the vacancy created by his being ousted from office by the decree on the petition, notwithstanding the express provision of subsection (j) that "in no case shall the candidate so excluded from the office be eligible therefor."

In a revision of the statutes, a placing of some provisions in a location different from that in their original enactment did not disclose an intent to change their meaning.

Two PETITIONS for writs of mandamus, filed in the Supreme Judicial Court for the county of Norfolk on April 12, 1935, and April 20, 1935, respectively.

The cases were reported, without decision, by *Field*, J., for determination by the full court. Material facts are stated in the opinion.

The cases were submitted on briefs.

*W. P. Murray & W. P. Kelley*, for the petitioner.

*H. S. Davis*, for the respondent.

RUGG, C.J. These are petitions for mandamus against the city clerk of Quincy; in the first the petitioner seeks to restrain the respondent from striking his name from the roll of registered voters of Quincy, and, in the second, to compel the respondent to receive and file nomination papers

appropriate to place the name of the petitioner upon the ballot as a candidate for mayor at an election to be held in Quincy on May 21, 1935. At the hearing parties agreed upon the material facts as disclosed by pleadings and the cases were reported by the single justice without decision. The question thus presented is whether on those facts the writs ought to issue as matter of law. *School Committee of Lowell* v. *Mayor of Lowell*, 265 Mass. 353, 354. *Cochran* v. *Roemer*, 287 Mass. 500, 502. *Clancy* v. *Wallace*, 288 Mass. 557.

The relevant facts are these: The petitioner, prior to the events here in issue, was a registered voter in Quincy. He was elected mayor of Quincy at an election held on December 4, 1934. Thereafter, in conformity to G. L. (Ter. Ed.) c. 55, § 37, an election petition was instituted against the petitioner and hearing was had before three judges of the Superior Court. During that hearing the petitioner, who was voluntarily present and upon whom no process to compel his testimony had been served, was called as a witness by counsel for the petitioners and took the witness stand without objection and testified at length concerning the matters then in issue. He did not suggest that his testimony might incriminate him or subject him to any penalty or forfeiture, and did not ask to be excused from testifying on any ground. As a result of that hearing, findings were made that the petitioner committed corrupt practices in that (1) in order to promote his election as mayor he expended a sum of money in excess of the amount permitted by law (G. L. [Ter. Ed.] c. 55, § 1) and (2) he made a false return in the statement made and filed by him pursuant to G. L. (Ter. Ed.) c. 55, §§ 16 and 19, and that the defences allowed by G. L. (Ter. Ed.) c. 55, § 37 (e), (1), (2), (3) and (4) were not established. A final decree in the election petition was entered on March 21, 1935, declaring the election of December 4, 1934, void, ousting the petitioner from the office of mayor and declaring that office vacant. G. L. (Ter. Ed.) c. 55, § 37 (g). A copy of this decree was sent to the respondent by the State Secretary and the petitioner was then notified that the respond-

ent in the performance of what he believed to be his official duty, unless restrained by legal proceedings, would strike the name of the petitioner from the roll of registered voters of Quincy on April 16, 1935. G. L. (Ter. Ed.) c. 56, § 55. The petitioner has seasonably presented to the respondent for filing nomination papers appropriate to place his name upon the ballot for election as mayor at the election to be held on May 21, 1935. The respondent has refused to receive such papers on the grounds that the petitioner (1) is not qualified to vote for a candidate for that office and (2) is ineligible for that office because of the final decree entered on March 21, 1935, in the election petition and the findings on which it was based.

It is not now contended that the petitioner was not ousted from the office of mayor and that that office was not declared vacant in conformity to the provisions of G. L. (Ter. Ed.) c. 55, § 37 (g). Other pertinent provisions of § 37 are as follows: "(h) No person called to testify upon an election petition shall be excused from testifying or producing any papers on the ground that his testimony may tend to criminate him or subject him to a penalty or forfeiture; but he shall not be prosecuted or subjected to any penalty or forfeiture except forfeiture of election to office, for or on account of any action, matter or thing concerning which he may so testify, except for perjury committed in such testimony. (i) No decree entered upon an election petition shall be a bar to or affect in any way any criminal prosecution of any candidate or other person, or any inquest in accordance with sections thirty-nine to forty-five, inclusive. (j) A certified copy of any final decree entered upon an election petition, as provided by this chapter, shall forthwith be transmitted by the clerk to the state secretary; and any vacancy in any office created by any such decree shall be filled in the manner provided by law in case of the death of the incumbent, but in no case shall the candidate so excluded from the office be eligible therefor." In G. L. (Ter. Ed.) c. 56, § 54, are these words: "Whoever is found by final judgment upon an election petition, as provided in section thirty-seven of chapter

fifty-five, to have committed a corrupt practice, and, in accordance with such finding, forfeits the office to which he has been elected . . . shall be disqualified as a voter for a period of three years following the date of such judgment . . . and shall be ineligible to hold public office for said period." Provision is made by § 55 of said c. 56 for striking the name of a person found upon an election petition to have committed a corrupt practice from the roll of registered voters for a period of three years.

The petitioner states in his brief that "the single issue in both cases is whether the disqualification created by the foregoing provisions, particularly those contained in the paragraphs numbered (g) and (j) [of said § 37] and said § 54, do not attach to the petitioner because of his having been called to testify upon the trial of said election petition in which he was respondent, and having testified as a witness therein." This is based on the provision of paragraph (h) of said § 37 giving certain immunity to a witness "called to testify upon an election petition." The constitutional guaranty in art. 12 of the Declaration of Rights, to the effect that "No subject shall . . . be compelled to accuse, or furnish evidence against himself," is invoked. That provision is one of the fundamental rights of a citizen. That provision, however, does not prevent the examination of a witness "where his answers will not expose him to criminal prosecution, or tend to subject him to a penalty or forfeiture, although they may otherwise adversely affect his pecuniary interest." *Bull* v. *Loveland,* 10 Pick. 9, 14. That provision does not deprive the General Court of power to compel the giving of testimony which might incriminate the witness provided immunity be accorded to him commensurate with the constitutional protection. *Brown* v. *Walker,* 161 U. S. 591. *Glickstein* v. *United States,* 222 U. S. 139, 141. *Emery's Case,* 107 Mass. 172, 185. *Attorney General* v. *Brissenden,* 271 Mass. 172. The petitioner does not fall within the terms of paragraph (h) for the reason that he was not "called to testify upon an election petition" within the meaning of those words as there used. The constitutional guaranty which he invokes

is a protection against being compelled to testify. It is a personal privilege. It confers an option to refuse to testify. It does not prohibit inquiry. It does not prevent the voluntary giving of testimony. The petitioner was not compelled to testify in the hearing on the election petition. He did not object to being called to testify. He did not ask the protection of the court. He responded to the call to the witness stand without protest. He is precluded thereby from invoking in the present petitions whatever immunity might be afforded by paragraph (h) to one "called to testify upon an election petition." Such immunity is not absolute: it can be claimed only if a witness asks to be excused from answering questions on the ground that he might thereby be subjected "to a penalty or forfeiture." The immunity is given in return for the relinquishment of a privilege, but the privilege must be asserted before there can be basis for the immunity. It is given in exchange for what would otherwise be a sufficient excuse for refusing to answer; it cannot operate unless the excuse is set up. *Regina* v. *Coote*, L. R. 4 P. C. 599, 607. *State* v. *Duncan*, 78 Vt. 364. *State* v. *Erlbacher*, 270 S. W. (Mo.) 277. *State* v. *Comer*, 157 Ind. 611, 613. *State* v. *Luquire*, 191 N. C. 479, 481. *State* v. *Backstrom*, 117 Kans. 111. *Commonwealth* v. *Richardson*, 229 Penn. St. 609, 615–616. *Wireman* v. *State*, 146 Tenn. 676, 681. *State* v. *Whalen*, 108 Wash. 287. *State* v. *Grosnickle*, 189 Wis. 17. 4 Wigmore on Evidence (2d ed.) §§ 2270, 2282.

An election petition under said § 37 is a proceeding civil and not criminal in its nature. *Ashley* v. *Three Justices of the Superior Court*, 228 Mass. 63, 75, 76, 77. See also *Attorney General* v. *Pelletier*, 240 Mass. 264, 303, 304, 316. The disqualifications as to being a candidate for office and being upon the voting list incident to an adverse decision under an election petition are established by the statute as remedial measures to promote the purity of elections; they are not penalties or forfeitures in any criminal sense. They relate to civil proceedings alone. They are imposed by the law as consequences of certain findings in the civil proceedings upon an election petition. *Hawley* v. *Wallace*, 137

Minn. 183. *Radinsky* v. *People*, 66 Colo. 179. It has been held that disbarment of an attorney by means of testimony required of him in a court proceeding is not a "penalty or forfeiture" within the meaning of a statute protecting such witness from penalty or forfeiture because of testimony so given. *Matter of Rouss*, 221 N. Y. 81. *In re Biggers*, 24 Okla. 842. See also *People* v. *Lane*, 132 App. Div. (N. Y.) 406, affirmed in 196 N. Y. 520; *Stanley* v. *Commonwealth*, 116 Va. 1028.

It is the express provision of said § 37 (j) that the petitioner as the person excluded from the office of mayor by the decree in the election petition shall be ineligible for election to fill the vacancy thus caused. That mandate is explicit. Its design is clear. It would frustrate the manifest purpose of the statute to adopt the construction urged by the petitioner. It can hardly be thought to have been the intention of the General Court to oust from office an incumbent because of violation of the sections touching corrupt practices and at the same time permit such ousted official to be a candidate to succeed himself. Such a construction could not be adopted except under the compulsion of imperative words to that end. These provisions had their origin in St. 1914, c. 783, § 10. They should be construed as harmonious toward the accomplishment of a reasonable object if possible. *Moloney* v. *Selectmen of Milford*, 253 Mass. 400, 402. *Commissioner of Banks* v. *McKnight*, 281 Mass. 467, 472. The change in the location of some of these provisions in the present revision of the statutes as compared with the initial enactment discloses no intent to change their meaning. *Main* v. *County of Plymouth*, 223 Mass. 66, 69.

*Petitions dismissed.*