## 41928. CHASTAIN v. THE STATE.

DEEN, Judge. 1. On the trial of the defendant for incest with his daughter, the latter in her sworn testimony denied ever having had sexual relations with her father. The State then pleaded entrapment and read to the witness over objection of the defendant a sworn statement given by her to city police officers investigating the case in which she admitted the act, for purposes of impeachment. "Where the solicitor-general has been entrapped by a witness who had made a written statement to a police officer investigating the crime, different from his sworn statement and prejudicial to the case being made, such statement may be allowed in evidence for impeachment purposes. only." *Kemp v. State,* 214 Ga. 558 (2) (105 SE2d 582), and see *Cain v. State,* 113 Ga. App. 477.

2. The defendant and his wife, stepmother of the daughter on whom the act was alleged to be perpetrated, were separated. The wife testified to coming to the defendant's house and to observing the commission of the act from the bedroom door. No objection was made to her testimony upon the trial of the case on the ground of her incompetency as a witness and the point appears to have been raised for the first time in this court. "To make an objection to evidence available in the reviewing court, it must appear that objection was made, and upon what grounds it was made, in the trial court." *Rushing v. Akins,* 210 Ga. 450 (1) (80 SE2d 813). Indubitably, nothing in the new Rules of Appellate Procedure gives this court authority to pass on error in the admission of evidence not objected to at the time it was offered.

3. Another daughter was offered as a witness by the State. Prior to the commencement of direct examination the court instructed her as to her right to refuse to answer any questions the answers to which would tend to incriminate her as to the violation by her of any laws of the State or Federal government, or bring disgrace, infamy, or embarrassment to herself and her family, and that she was the one to decide that question. The witness then said, "Well, your honor, I would prefer not to testify either way." The court then told her that her preference was not controlling, but that the right would arise when the question was asked and she might then say that she declined to answer. The witness was then questioned and did not indicate any desire to refuse to answer

any specific question. That the claim of privilege should be made when the question is asked and that it cannot operate as a general prohibition of inquiry see Ross v. Crane, 291 Mass. 28 (195 NE 884); People v. Allen, 282 NYS 860 (246 App. Div. 612). The privilege against self-incrimination cannot be asserted in advance of the questions actually propounded in the examination or hearing. Schiffman v. Bleakley, 46 NYS2d 353. It was not error after the colloquy at the time the witness was sworn to proceed with the examination; the privilege was not claimed, and there was no duty on the part of the trial court either to stop the questioning or to instruct the jury as to the provisions of *Code* § 38-1205.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

ARGUED APRIL 5, 1966—DECIDED APRIL 21, 1966—
REHEARING DENIED MAY 6, 1966.

*Atkins & Atkins, Alton T. Milam, Ben S. Atkins,* for appellant. *Lewis R. Slaton, Solicitor General, J. Walter LeCraw, J. Roger Thompson,* for appellee.