46460. WITT v. THE STATE.

JORDAN, Presiding Judge. The defendant was tried for murder and convicted of voluntary manslaughter. *Held:*

1. Testimony by an investigator that during an interrogation while in custody the defendant "said he didn't know anything about any shooting," i.e., the cause of the homicide, and that the defendant suggested "we might have been arresting him for striking the fellow [not the victim of the shooting] in the bar earlier" is not a confession within the scope of the requirements of Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205), and the trial judge did not err in refusing to hold a hearing out of the presence of the jury on the matter.

2. Having been tried for murder as defined by *Code Ann.* § 26-1101 (a), and having been convicted of voluntary manslaughter under *Code Ann.* § 26-1102, the defendant now stands acquitted of the greater offense. See Price v. Georgia, 398 U. S. 323 (90 SC 1757, 26 LE2d 300). Murder under *Code Ann.* § 26-1101 (a) is defined to include malice. Murder under *Code* § 26-1101 (b), i.e., homicide in the commission of a felony, is an offense "irrespective of malice." There is no mention of malice in the present definitions of manslaughter, *Code Ann.* §§ 26-1102, 26-1103, but "without malice" is used in the definition under former *Code* § 26-1006. The committee notes make it clear that no change in substance was intended by the revision, pointing out that lack of malice is a distinguishing characteristic between manslaughter and murder. See Code Ann., Committee Notes, on revised Title 26, Ch. 26-11, p. 86. The trial judge by his instructions eliminated malice to convict for manslaughter and the defendant has no cause for complaint regarding the instructions on presumption of malice in order to convict for murder.

3. The instructions as here given, that "the jury may consider words, threats, menaces or contemptuous gestures, if there be any, in passing upon that question as to whether or not the defendant acted in good faith and under the fears of a reasonable man that his life was in danger or that a felony was about to be committed" are substantially identical to the instructions

which the Supreme Court held to be free from harmful error in *Gore v. State,* 155 Ga. 642 (6) (118 SE 40). The inclusion of "acted in good faith" does not, in our opinion, add a test not implicitly included in the statutory standard as stated in *Code Ann.* § 26-902 (a) that "a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person, or the commission of a forcible felony." In asserting error on the instructions as given, the defendant, in his brief, relies solely on the ruling in *Wayne v. State,* 113 Ga. App. 281 (2) (147 SE2d 814). The possible confusion of issues on which that ruling is based under the law as it then existed is not present in the instructions on which error is here asserted.

4. There is no merit in contentions to the effect that under the evidence the case is one restricted to murder or justifiable homicide, and that instructions on voluntary manslaughter and a conviction of the offense of voluntary manslaughter is unauthorized. We think that whether the defendant killed another for reasons which would constitute murder, or whether he killed in the sudden heat of passion, when confronted by the victim, who was armed, or whether he acted for reasons which would constitute justification, were all matters for jury determination, and that under the evidence the trial judge properly allowed the jury to consider voluntary manslaughter as a lesser included offense of murder.

*Judgment affirmed. Quillian, J., concurs. Evans, J., concurs in the judgment.*

ARGUED SEPTEMBER 13, 1971—DECIDED OCTOBER 5, 1971.

*Howard, Howard & Hall, William V. Hall, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Creighton W. Sossomon,* for appellee.