47103. FOSKEY v. THE STATE.

BELL, Chief Judge. The defendant was convicted of Counts 2 and 3 of a three-count indictment and sentenced to twelve months confinement on each count. *Held:*

1. Count 2 purports to charge the defendant with a violation of *Code* § 58-209. Error is enumerated on the failure of the trial court to charge the substance and principles of that statute. This enumeration has merit. Count 2 in pertinent part reads as follows: ". . . with the offence of possession of distillery apparatus for that the said Billy Foskey, Jr. . . . did then and there unlawfully and with force and arms, did unlawfully control, and possess an apparatus for distilling and manufacturing of whiskey, commonly known as an illegal moonshine whiskey still." The trial court during its charge read Count 2 to the jury, charged on *Code Ann.* § 58-210, which has no relevancy to this prosecution, and furnished the jury a definition of apparatus. *Code* § 58-209 provides that "It shall be unlawful for any corporation, firm or individual to knowingly permit or allow anyone to have or possess or locate on his premises any apparatus for the distilling or manufacturing of the liquors and beverages specified in § 58-201." The gravamen of the offense is knowingly having upon one's premises apparatus for the illegal manufacturing of alcoholic beverages. This statute does not make penal the possession of the apparatus other than on the premises of the defendant. *Johnson v. State,* 79 Ga. App. 210 (53 SE2d 498). Upon the trial of a criminal case the trial judge with or without request should instruct them as to the general principles of the law which of necessity must be applied in reaching a correct verdict on the issues. *Sledge v. State,* 99 Ga. 684 (1) (26 SE 756). The failure to charge the essential elements of the purported crime requires the reversal of the judgment of conviction and the sentence as to Count 2.

In connection with Count 2, although the issue is not raised for decision here, we are constrained to suggest that the

count itself is void because it does not contain allegations concerning knowledge or that the offense occurred on the premises of the defendant. See *Johnson v. State,* supra; *Hilliard v. State,* 87 Ga. App. 769 (75 SE2d 173).

2. After the hearing of testimony of witnesses at trial, the defendant objected to certain testimony and to the receipt in evidence of the State's exhibits, jugs of whiskey, on the grounds of an unlawful search and seizure. The defendant made no written motion to suppress the evidence. Failure to comply with provisions of *Code Ann.* § 27-313 by interposing a timely written motion to suppress amounts to a waiver of the constitutional guarantee. *Lane v. State,* 118 Ga. App. 688 (165 SE2d 474).

3. No cause for reversal has been shown by the trial court's refusal to permit defendant's counsel to ask a witness on cross examination an argumentative and repetitious question.

*Judgment of conviction and sentence as to Count 2 reversed; affirmed as to Count 3. Evans and Stolz, JJ., concur.*

SUBMITTED APRIL 4, 1972—DECIDED APRIL 28, 1972—
REHEARING DENIED MAY 11, 1972.

*J. Laddie Boatright,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.