## 47232. BUTTS v. THE STATE.

EBERHARDT, Presiding Judge. Juanita Butts was indicted for the murder of her husband and on trial was convicted of voluntary manslaughter. It appears that because of disagreements and mistreatment of the wife by the husband there had been a separation. She was living in Atlanta while he continued to live in the home at Milledgeville. By letter and telephone he importuned her to come back to Milledgeville, saying that the lawyers wished to get a divorce ready. She went back, and he took her out to the house where during the afternoon or evening they drank some and went to bed together. Defendant contends that thereafter she stated that she must arrange to return to her job in Atlanta and that he became angry, saying that she couldn't go anywhere, and that he would kill her if she tried it, that he slapped her and knocked her to the floor, whereupon she took a pistol from her pocketbook and shot him. He was a very large man—nearly seven feet tall and weighing upwards of 300 pounds. She shot him twice in the back, once in the side and once in the stomach. There were no immediate witnesses to the shooting, but he ran out the back door and stated to his mother, whose house backed up to his, that "Juanita has shot me." He was carried to the hospital in an ambulance, and the attending physician testified that his stomach had been punctured and the intestines had been

punctured six times by the bullets. Eight days later he died from an acute kidney failure, brought on by these wounds. While in the hospital he made certain statements to his mother about the shooting, and these were admitted as dying declarations.

From an order overruling her motion for new trial, as amended, defendant appeals. *Held:*

1. Error is enumerated upon the allowance of the State to use as a witness a daughter of the deceased, over objection that her name had not appeared on the list of witnesses furnished to defendant's counsel.

The District Attorney stated in his place that the evidence to be elicited from this witness was newly discovered, that he had learned of it only when she came forward in the courtroom five or ten minutes before she was called to the stand and gave the information, thus meeting the requirement of Ga. L. 1966, p. 430 (*Code Ann.* § 27-1403). *Butler v. State,* 226 Ga. 56 (4) (172 SE2d 399).

2. On Friday following the shooting on the previous Saturday and before the husband died on Monday, he related to his mother facts as to how the defendant had shot him. As a foundation for introducing the evidence as a dying declaration the State showed that the decedent was in the hospital, that his mother was allowed to see him for only a very short time, that she asked him whether he was praying and he stated that he was, that he asked his mother to pay his water and telephone bills and told her goodbye. The attending physician testified that he had been in critical condition since admission to the hospital, was in extreme shock and that his condition was worsening. Decedent had asked him (the doctor) whether he was going to be all right, and that he could not give any definite answer but assured him as much as he could.

The testimony was admitted and decedent's mother testified that her son had stated to her that "I was shot when I turned around to get a drink of water. Juanita just shot me when I turned around to get a drink of water."

There was sufficient evidence to raise a jury question as to whether the deceased realized at the time of making the statement that he was in a dying condition. *Findley v. State,* 125 Ga. 579 (1) (54 SE 106). The nature of the wounds, the progression of the deceased's condition, the anxiety of the deceased relative to his condition and the like are all matters which may be considered by the court in admitting the evidence, and by the jury in determining whether the declarant realized his condition when making the statement. Consciousness of impending death need not appear from the statement itself. *Simmons v. State,* 181 Ga. 761, 763 (184 SE 291). The period of survival after the making of the declaration is not controlling. *Ward v. State,* 226 Ga. 724 (177 SE2d 378). The court gave a full, fair charge on the subject of dying declarations, instructing that they must determine whether the statement was made, and if so, whether at the time of making it the declarant was in the article of death, and, if so, whether he was conscious of that condition, and if any one of these should fail to appear they should not consider the statement.

3. Appellant enumerates error on the failure of the court to declare a mistrial because of a statement allegedly made by the district attorney in his argument intimating that the defendant "had been going with some other man."

The record before us does not reveal just what was said by the district attorney in his argument, but does indicate that the court asserted, when the motion for mistrial was made, "The argument which the solicitor made, he has withdrawn it, and I strike it from your consideration, ladies and gentlemen. Give it no consideration whatever in reaching your verdict. It should not have been said."

We believe that this admonition to the jury to disregard the argument, together with the statement that "it should not have been said," was sufficient as admonition and rebuke to counsel to efface the effect of it. *Wooten v. State,* 224 Ga. 106 (3) (160 SE2d 403); *Spell v. State,* 225 Ga. 705, 708 (171 SE2d 285). This is particularly true

in the light of the immediate apology made by the district attorney and his withdrawal of the statement complained about. Moreover, as we have pointed out, we do not have the benefit of the context of the remarks themselves, since they do not appear in the record. *Sheffield v. State,* 124 Ga. App. 295 (6) (183 SE2d 525), and citations.

4. Appellant enumerates error upon the failure of the court to declare a mistrial because of an alleged remark of the district attorney in his argument that defendant's counsel "is paid to cover up for the defendant."

Here again, it appears that the court instructed the jury to disregard the statement, give it no consideration, and that it should not have been said. We find no error. *Nelson v. State,* 187 Ga. 576, 583 (1 SE2d 641); *Stuart v. State,* 123 Ga. App. 311 (2) (180 SE2d 581). And here again we do not have the benefit of the district attorney's remarks, or the context thereof in the record. *Sheffield v. State,* 124 Ga. App. 295 (6), supra.

5. Appellant enumerates as error the charging of subsection (b) of *Code Ann.* § 26-902, urging that there was no evidence from which the jury might conclude that the defendant initially provoked the use of force against herself with the intent to use force against the deceased.

We have read the transcript of the trial carefully, and we must agree that there is simply no evidence of that kind in the record. The charge of § 26-902 (b) was unsupported, and we conclude that it was harmful error.

6. We find no error in the charge on dying declarations.

7. There was no error in charging on voluntary manslaughter. The charge was justified by the evidence. Defendant contended that the deceased was mistreating her, that he had slapped her and knocked her to the floor when she took the gun from her pocketbook and shot him. This affords the basis for provocation bringing the homicide within the ambit of *Code Ann.* § 26-1102.

8. No reversible error appears because of a charge that if the jury should believe beyond a reaonable doubt the defendant's contention that she shot the deceased

through fear of her own life an acquittal should result, when it further appears that the judge shortly recalled the jury, withdrew the erroneous charge, and charged correctly that an acquittal should result if they should believe to a reasonable and moral certainty her contention that she had shot the deceased because she was in fear of her own safety. *Southern R. Co. v. Merritt,* 120 Ga. 409, 410 (47 SE 908).

9. The general grounds are without merit.

*Judgment reversed for the reason stated in Headnote 5. Deen and Clark, JJ., concur.*

SUBMITTED MAY 24, 1972—DECIDED JUNE 16, 1972.

*Eva L. Sloan,* for appellant.

*Joseph B. Duke, District Attorney, Tony H. Hight,* for appellee.