27730. KERBO v. THE STATE.

ARGUED FEBRUARY 12, 1973 — DECIDED MARCH 8, 1973.

*Altman, Williamson & Rawlins, Robert B. Williamson,* for appellant.

*William O. Hitchcock, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, David J. Bailey,* for appellee.

GRICE, Presiding Justice. John Wesley Kerbo was indicted by the Grand Jury of Thomas County for the murder of Dorothea Larkins, and was tried and convicted in the superior court of that county. He was sentenced to life imprisonment.

In his appeal to this court his enumerations of error present one basic issue: whether the trial court should have charged on involuntary manslaughter in the commission of an unlawful act other than a felony. Code Ann. § 26-1103 (a) (Ga. L. 1968, pp. 1249, 1276).

The evidence, insofar as pertinent to this issue, was essentially the following:

The appellant and deceased were at a place where a dance was in progress. They went out into a parking lot,

argued and shoved each other in a boisterous manner. A man separated them and asked the appellant to leave in his car. He started off but when he heard the deceased laughing he stopped his car, resumed the argument, reached for a pistol in the glove compartment of his car, got out and approached her. He then fired a shot at the ground at her feet. According to the witness he intended to scare the deceased, not to shoot her.

Shortly thereafter a second shot was fired, mortally wounding the deceased.

How the appellant handled his pistol between the two shots is quite important, and the evidence as to this was contradictory. One witness testified that only a "second or so" elapsed between the shots, and that after he fired the first one he did not pull the gun down in any way, but left it as it was and just turned it; and that he never pulled the gun back and swung it.

On the other hand, there was testimony to the effect that after he shot into the ground, the appellant brought the gun up and pointed it at the deceased. This witness was asked, ". . . you saw him swing over with the gun? [Indicating] You saw him bring his hand over like this? [Indicating]," and she answered, "Yes."

The appellant offered no evidence, but in his unsworn statement said that ". . . when she came towards me I pulled the gun out from my pocket and shot in the ground, and she kept coming and so I just swung the gun and it went off. . . and I didn't have no intention to shoot her . . ."

The court charged on accident, murder, murder in the commission of a felony, voluntary manslaughter, and aggravated assault.

From our appraisal of the evidence we conclude that the trial court should have also charged on involuntary manslaughter in the commission of an unlawful act other than a felony. Code Ann. § 26-1103 (a) (Ga. L. 1968, pp. 1249, 1276).

It has long been the law of this state that "Where the evidence and the statement, taken together or separately, raise a doubt, although slight, as to the intention to kill, the law of involuntary manslaughter should be given in charge." *Warnack v. State,* 3 Ga. App. 590 (2) (60 SE 288); *Hatley v. State,* 119 Ga. App. 371 (6) (167 SE2d 217); *Howell v. State,* 123 Ga. App. 306 (1) (180 SE2d 599).

There was testimony from which the jury would have been authorized to find only an intentional pointing of the pistol, a misdemeanor under Code Ann. § 26-2908 (Ga. L. 1968, pp. 1249, 1325), justifying a conviction of involuntary manslaughter in the commission of an unlawful act other than a felony.

Furthermore, whether pointing or swinging the pistol was an assault should have been left to the jury; and if found there was an assault, whether the pistol was a weapon likely to produce death when used in such manner was likewise a jury question. See in this connection, *Meriwether v. State,* 104 Ga. 500 (30 SE 806); *Austin v. State,* 110 Ga. 748 (36 SE 52, 78 ASR 134); *Delk v. State,* 135 Ga. 312 (3) (69 SE 541). For the foregoing reasons, the judgment is reversed.

*Judgment reversed. All the Justices concur, except Undercofler and Jordan, JJ., who dissent.*