48273. WHITE v. THE STATE.

DEEN, Judge. 1. As against the appellant's contention on this voluntary manslaughter conviction that the evidence would support only a murder conviction or acquittal because of justifiable homicide under the fears of a reasonable man, where the evidence shows that the deceased, whose car he was unable to start at a service station operated by the defendant's son, quarreled with the defendant and his son, left the car at the station, returned in another car with a jumper cable, again quarreled with and perhaps cursed and threatened the defendant and reached toward the back seat for some unknown article, but was still sitting in his vehicle some yards away when the defendant, standing behind his son, suddenly caught up a shotgun and fired point blank at the deceased, inflicting wounds which caused his death, the jury was authorized to find that the killing was "the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." Code Ann. § 26-1102. If there is the slightest doubt under the evidence as to whether voluntary manslaughter is involved it is the duty of the trial judge to submit that issue to the jury. *Lester v. State,* 75 Ga. App. 42 (1c) (42 SE2d 141). Under our former voluntary manslaughter statute, Code § 26-1007, words alone, no matter how grievous and insulting, would not reduce the crime from murder to manslaughter. *Coleman v. State,* 149 Ga. 186 (2) (99 SE 627). However, the phrase "other equivalent circumstances to justify

the excitement of passion" included the fears of a reasonable man that he was in danger of an offense less than a felony. *Robertson v. State,* 162 Ga. 1, 7 (132 SE 418). We take the present section, referring to serious provocation sufficient to excite such passion in a reasonable person, as having the same meaning. See *Witt v. State,* 124 Ga. App. 535 (3) (184 SE2d 517). The evidence is sufficient to support the verdict, and the court did not err in including instructions on this crime.

2. The court instructed the jury that a reasonable doubt is one "arising out of the evidence or lack of evidence in the case." This is sufficient to include evidentiary conflicts. *O'Dell v. State,* 120 Ga. 152, 153 (47 SE 577).

3. While it would be better practice to charge self defense and defense of habitation in the language of Code Ann. §§ 26-902 and 26-903 where these statutes apply, we have examined the self defense instructions complained of in enumerations of error 6, 8 and 9. The instructions were adequate and the court made it clear to the jury that killing under such circumstances is justifiable. These enumerations of error are without merit.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED MAY 29, 1973 — DECIDED JUNE 14, 1973 — REHEARING DENIED JULY 10, 1973.

*Glyndon C. Pruitt, James R. Venable,* for appellant.
*Richard Bell, District Attorney, Hardaway Young, III,* for appellee.