## 50570. COWART v. GEORGIA HOSPITAL SERVICE ASSOCIATION, INC. et al.

EVANS, Judge.

Dorothy W. Cowart incurred a hospital bill with the Hall County Hospital. She paid $751.03, leaving a balance of $1,034.67. She had a hospital insurance policy with Georgia Hospital Service Association, Inc. She demanded that her insurer pay, and the insurer refused to pay her hospital bill. The patient then sued her insurer for the amount of $2,500.

Defendant denied owing the sum but later amended its answer, and asserted that while its liability was doubtful it elected to pay into the court the sum of $1,073.70. It also interpleaded the Hall County Hospital Authority because defendant contended its hospital contract obligated it to make its payments directly to the hospital.

The Hall County Hospital Authority, on order of the court, filed a claim of $1,034.67 against the fund of $1,073.70 paid into the registry of the court. Plaintiff also filed a claim to this fund and prayed for attorney fees for bringing the money into court.

Plaintiff Cowart and defendant Hall County Hospital Authority entered into certain stipulations that the remaining amount due for hospitalization was $1,034.67; that the hospital contract is as attached to the stipulation; and that there are no issues of fact to be decided by a jury in this case. Both stipulated the question is solely one of law, to wit: whether or not the language of plaintiff's insurance policy authorizes insurer to pay directly to the hospital. Each party claims ownership and

right to the fund. Each party admits the decision in this case depends solely on the court's construction of the language in the policy. The stipulation, in effect, authorized the court to disburse the fund in accordance with its construction and interpretation of the language in the insurance policy.

The court determined that the insurance policy required $1,034.70 be paid to the hospital and awarded this sum, and assessed the cost against plaintiff. Plaintiff appeals. *Held:*

1. Because the plaintiff stipulated that there were "no disputed issues of fact in this case" and submitted the case to the court to decide as a question of law as to whom the fund should be disbursed, any question of attorney fees was eliminated from the case. Nor did plaintiff obtain a ruling as plaintiff did not ask the lower court to rule on her entitlement to attorney fees, and no ruling was made therein. A party cannot remain quiescent, and then seek a reversal on a question not raised in the lower court. See *Moore v. McAfee,* 151 Ga. 270, 278 (106 SE 274); *Ocilla Truck &c. Co. v. Nolan,* 124 Ga. App. 417 (3) (184 SE2d 48).

2. The question of laches was not raised in the lower court, and is not now before us.

3. The final enumeration contends the original defendant could not interplead the hospital. This question is not in issue because no objection was made to the interpleader in the lower court, and no ruling was made thereon. See *Ocilla Truck &c. Co. v. Nolan,* 124 Ga. App. 417 (3), supra.

Further, it was the interpleader that brought the money into court, and plaintiff was asking that he be awarded attorney fees because of having been instrumental in bringing the fund into court. She cannot "blow both hot and cold." She cannot claim the interpleader was invalid, and at the same time ask for the attorney fees from the fruits of the interpleader. But in Division 1 of this opinion we have disposed of the question of attorney fees.

4. All enumerations of error have been carefully considered and we find no error has been made in this case.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED APRIL 29, 1975 — DECIDED JUNE 9, 1975.

*Stow, Garvin & Glenn, James A. Glenn, Jr.,* for appellant.

*Whelchel, Dunlap & Gignilliat, Weymon H. Forrester,* for appellees.