### 51153. BARNUM v. THE STATE.

EVANS, Judge.
Defendant was convicted of selling marijuana and sentenced to serve five years. The sentence provided that 30 months would be served in a penal institution and the remaining 30 months suspended with defendant on probation. Motion for new trial was filed, and amended, heard and denied. Defendant appeals. *Held:*

1. During the trial a witness for the state was interrogated by state's counsel and it was sought to show

what the defendant had told the witness during a conversation prior to the alleged sale. The witness testified: "Mr. Barnum told me that he had at one time been arrested for . . ." Here the district attorney interrupted and advised the witness: "Let's don't get into . . . " Whereupon, defendant's counsel asked that the jury be excused in order that he make a motion (for mistrial).

At the end of the colloquy between counsel and the court, outside the presence of the jury, the court stated the motion for mistrial was overruled. He advised that he would instruct the jury to disregard the last statement, but that he would not mention the word "arrest" because the jury might not have remembered it to that extent. Whereupon the jury returned and the court instructed them "to disregard any testimony of this witness pertaining to incidents which happened on or about December 4, 1974, *except for the limited purpose only of establishing an identity connecting him by virtue of which he [the witness] could identify him [the defendant].* But this defendant is charged with committing an offense on December 11, 1974, and anything that is said or done on December 4, 1974, would have no bearing upon the question of whether or not he committed the offense which is alleged in this indictment."

The court failed to admonish the witness not to blurt out answers not directly in response to the question. Let us examine the court's "admonition" and see whether he helped or hurt the defendant thereby. The witness had improperly stated that: "Mr. Barnum told me that he [defendant] had one time been arrested for . . ." The court in effect charged the jury that *you may regard this testimony for the purpose of establishing an identity connecting defendant by virtue of which the witness could identify the defendant.* In other words, the trial judge let the jury know that it was important that defendant admitted he had once before been arrested, and told the witness about it because such an important admission might help the witness to remember and identify the defendant. All of this but emphasized and magnified the injury and rubbed salt into the wound. The trial judge should have forthrightly ruled the testimony out as

defendant's character was not in issue, but this testimony placed it in issue, which has been held time and again to be reversible error. See *Moulder v. State,* 9 Ga. App. 438 (71 SE 682); *Story v. State,* 95 Ga. App. 455 (2), 458 (98 SE2d 42). This was reversible error and requires a new trial.

2. Certain questions were asked by the district attorney which the court ruled inadmissible. But the district attorney paid little or no heed to the court's ruling and repeatedly sought to inject the same questions into the case, and defendant promptly objected each time and moved the court to impose sanctions against the district attorney for such conduct. But the court limited his action to again ruling — each time — that the matter was inadmissible and requested the district attorney not to go into the matter again. While this was error, and the court should have taken positive, stern and corrective action which the jury would have understood as definitely condemning the district attorney, these errors will probably not be repeated at the next trial and we will not rule upon them, except to caution the refraining from similar conduct at the next trial.

3. During the argument the district attorney stated to the jury that defendant's wife as a defense witness "lied for him" and that "it is recognized that a wife will tell a lie for a husband under circumstances like this." This argument was not authorized from the evidence and it was a prejudicial remark. While the jury might have inferred that the wife was lying in trying to protect her husband, it appears that the district attorney and the court were under the erroneous impression that maybe under such circumstances a wife would tell a lie and the jury would just have to decide whether or not the district attorney's statement is entitled to any weight. The court erred in refusing to admonish the district attorney for making the statement not based on any evidence but upon *his interpretation* of the testimony of the wife that "she lied for him."

4. The court did not err in failing to sustain defendant's motion for mistrial based upon the cumulative improprieties of the prosecution during the process of the trial as same is not shown to constitute a denial of due process under the Fourteenth Amendment.

5. Defendant moved to impose sanctions upon the district attorney for arguing to the jury that "it would be foolish to impute [to] a grand jury folly in submitting indictments even though they are not evidence." This was tantamount to arguing that the grand jury would not have indicted unless the defendant was guilty, and was an effort to have the jury consider the indictment as evidence of guilt. An indictment by a grand jury creates no presumption of guilt; the defendant is presumed not guilty throughout the trial until and unless the state introduces evidence *in this trial* sufficient to remove such presumption of innocence. This failure of the trial judge to take proper protective and corrective measures *then and there* and without waiting until his charge to the jury, was clearly reversible error and warrants a new trial. *Butts v. State,* 13 Ga. App. 274 (1) (79 SE 87); *Brock v. State,* 91 Ga. App. 141 (1) (85 SE2d 177).

6. Because of the errors committed in Divisions 1, 3 and 5, the judgment of the lower court is reversed and a new trial is granted in this case.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 10, 1975 — DECIDED OCTOBER 15, 1975 — REHEARING DENIED NOVEMBER 7, 1975 — 

*King, Phipps & Associates, C. B. King, Herbert E. Phipps,* for appellant.

*Claude N. Morris, District Attorney,* for appellee.

