## 51676. COLSON v. THE STATE.

EVANS, Judge.

The defendant was indicted for murder and was convicted of voluntary manslaughter and sentenced to serve five years. Defendant appeals. *Held:*

1. The motion by appellant to dismiss the brief by the state because it was filed late is without merit. The brief of the appellant is an absolute necessity, for if none is filed and he fails to argue the case or any part thereof, appellant would have abandoned any claims of error. See Rule 18 (c) (2), Code Ann. § 24-3618. However, the failure of the appellee to file a brief does nothing to the case except to admit the statement of facts by the appellant, which may be accepted by this court as being prima facie true. See Rule 18 (b) (1), Code Ann. § 24-3618.

2. The undisputed facts show that the deceased had threatened to kill the defendant and had approached his residence in a violent and turbulent manner, cursing him and keeping his hand in his pocket. On the day of the stabbing the evidence shows defendant had reason to have a knife in his possession. The deceased had been aggressive, approaching defendant in a raging, cursing manner. The deceased charged into the home where the defendant was present. All of these facts together with the circumstantial evidence were for determination by the jury in deciding as to whether the defendant was guilty of murder, manslaughter, or whether or not he should have been acquitted for killing the deceased in self-defense.

3. The evidence was sufficient to support the charge of manslaughter.

4. There is no merit in the enumeration of error that the court erred in failing to direct a verdict of acquittal. The cases of *Merino v. State,* 230 Ga. 604, 605 (198 SE2d 311) and *Bethay v. State,* 235 Ga. 371 (219 SE2d 743) are not applicable to the facts of this case. While the jury might have determined that there was a clear right to use force in defense of habitation, nevertheless, there was sufficient evidence for the jury to decide and determine that the defendant was guilty of manslaughter.

5. Counsel for defendant contends that the district attorney submitted negative evidence during the closing argument and that the law forbids the introduction into a case, by way of argument, facts not in the record which are calculated to prejudice the accused. See *Barnum v. State,* 136 Ga. App. 469 (221 SE2d 829); *Patterson v. State,* 124 Ga. 408 (1) (52 SE 534); and *Taylor v. State,* 121 Ga. 348 (7) (49 SE 303). However, examination of the closing argument, which has been forwarded as a part of the transcript, fails to disclose any objection at the time the district attorney supposedly submitted factual situations in said closing argument. This court cannot correct errors on which objections are made for the first time in this court. *Ocilla Truck &c. Co. v. Nolan,* 124 Ga. App. 417 (3) (184 SE2d 48); *Cowart v. Ga. Hospital Service Assn.,* 135 Ga. App. 45 (1) (217 SE2d 379).

6. The court did not err in allowing in evidence photographs of the residence as to the front and back of the house, over the objection that same was not a fair and accurate representation of the conditions at the time of the stabbing. The photographs were made at some period of time after the stabbing incident, but defense counsel failed to point out what differences had occurred to show that the pictures did not portray a fair and accurate representation of the scene as it existed on the day of the stabbing. The objection is not meritorious.

7. At the beginning of the trial, the district attorney stated in his place that the chief prosecutor in the case would assist him in handling the case and would be a witness. The court ruled that it had the discretion to let him remain in the courtroom. After numerous witnesses had testified, the chief prosecutor, a deputy sheriff, was called as a witness. Defense counsel could have required or requested the court to call this witness first. This he failed to do. Under the circumstances no abuse of discretion has been shown, since the court was not called upon to rule that the chief prosecution witness would be allowed to remain in the courtroom with the district attorney, but would be called as the first witness. Compare *Stuart v. State,* 123 Ga. App. 311, 312 (1) (180 SE2d 581). See *Parham v. State,* 135 Ga. App. 315 (8) (217 SE2d 493).

8. The evidence here showing sudden, violent and irresistible passion resulting from serious provocation which could have caused the defendant to kill the deceased, authorized the court to charge on voluntary manslaughter. Code § 26-1102; *Butts v. State,* 126 Ga. App. 512, 515 (7) (191 SE2d 329); *Witt v. State,* 124 Ga. App. 535, 536 (4) (184 SE2d 517).

9. The court did not err in refusing to charge that a person claiming the right of self-defense is not required to retreat or consider whether he could retreat safely. This charge is argumentative and more favorable to the defendant and should not have been given in the charge. A somewhat similar written request was not required in *Glover v. State,* 105 Ga. 597, 598 (2) (31 SE 584), although the facts there were not the same as in this case. However, it is noted that Code Ann. § 26-1011 (§ 70 of the Penal Code of 1895) has been amended in the new Criminal Code to that found in Code §§ 26-901, 26-902, 26-903, and 26-904.

10. Counsel for defendant contends that the trial judge should so instruct the jury with or without request as to the general principles of law which of necessity must be applied in reaching a correct verdict on the issues. *Foskey v. State,* 126 Ga. App. 268 (1) (190 SE2d 556); *Spivey v. State,* 59 Ga. App. 380 (1 SE2d 60); *Sledge v. State,* 99 Ga. 684 (1) (26 SE 756); *Strickland v. State,* 98 Ga. 84 (2) (25 SE 908). But under the recent decision by the Supreme Court in the case of *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354), the trial judge has a broad discretion in whether or not he charges on all conflicting issues of facts unless there is a request to charge. There is no merit in this complaint.

11. For the same reason, the court did not err in not failing to charge on inequality in physical strength between the defendant and the deceased as justification in the absence of a request. Compare *Foskey v. State,* 126 Ga. App. 268, supra; *Spivey v. State,* 59 Ga. App. 380, supra; *Sledge v. State,* 99 Ga. 684 (1), supra; *Strickland v. State,* 98 Ga. 84 (2), supra. The Supreme Court holds in *State v. Stonaker,* 236 Ga. 1, supra, that without a request, a charge need not be given if the charge as given is fair and otherwise complete.

12. The court did not err in failing to charge the

defense of habitation in the absence of a request. It is true the deceased had made three assaults on that house and threatened defendant. However, there was no written request to so charge. See *State v. Stonaker,* 236 Ga. 1, supra.

13. Prior to the state's calling the wife of the defendant as a witness, the court had a hearing outside of the presence of the jury to determine whether the wife would testify, and the court ruled the state might call her as a witness and if she refuses to testify she has to so state the reason. See *Merneigh v. State,* 123 Ga. App. 485 (2) (181 SE2d 498). Thus, under the objection of the defendant, based upon *Merneigh v. State,* 123 Ga. App. 485 (2), supra, since the wife is now a competent, but not a compellable witness in a criminal proceeding for or against her husband, the court ruled that the state had the right to call her and require her to testify unless she then and there claimed her privilege not to do so. Though it was quite evident that the wife did not intend to testify, nevertheless, the state made her come to the witness stand and state her election not to testify, over defendant's objection that it would serve no purpose other than to inflame the minds of the jurors and prejudice the defendant by placing the wife on the stand and compelling her to offer testimony in the case.

14. Although the wife was required by the trial judge to make her election as to whether she would testify against her husband or not in the presence of the jury, when defense counsel arose to make his objection in the presence of the jury to such procedure, the trial judge refused to allow him to make the objection. If the wife was to be required to make her election in front of the jury, it was but right that defendant's counsel would have had a corresponding right to make his objection to such procedure in the presence of the jury. The only conclusion the jury could draw from the state's maneuver, as the state was calling the wife as a witness, was that she knew certain facts that would militate against her husband and help to convict him. Being required to make an election in the presence of the jury was tantamount to having her testify that she knew certain things against her husband, she yet refused, under her rights as a wife, to testify

against him. All of this was most harmful to the defendant, and should have been conducted only in the absence of the jury. As the wife made known to the court *in the absence of the jury* that she was refusing to testify against her husband, what was the purpose in making her so state a second time in the presence of the jury? Of course, all of it was to help to obtain a conviction.

15. But as counsel for defense sought to object in the presence of the jury to this procedure, surely it was his right to let the jury know why he was objecting to state's counsel asking the wife in the jury's presence whether she would testify or not.

16. The state relies heavily upon the one case of *Merneigh v. State,* 123 Ga. App. 485 (2), supra. From a careful study of this case it is readily apparent that it is doubtful that five judges agreed that a wife may be required to make an election in the presence of the jury as to whether she would testify; four judges voted straight-out against this proposition. The majority opinion is split as follows: Judge Jordan wrote the opinion, and Judge Eberhardt is the only other judge who fully concurred with the majority opinion. Pannell, J., did concur in Division 1. Hall, P. J., and Quillian, J., concurred specially on other grounds. Neither of these latter two judges mentions the question of requiring the wife to make an election as to whether she will testify against her husband in the presence of the jury, and as to whether it is error to require her so to do. Therefore, *Merneigh,* 123 Ga. App. 485 (2), supra., is not authority for the proposition that the state may be allowed to require the wife to go to the witness stand in the presence of the jury and there make her election not to testify against her husband. It is all too obvious why such procedure should not be permitted.

In the *Merneigh* case, supra, the majority opinion relied on two Supreme Court decisions, to wit, *James v. State,* 223 Ga. 677 (1) (157 SE2d 471); and *Kellar v. State,* 226 Ga. 432 (1) (175 SE2d 654). Neither case has any applicability whatever to the question here, and this but illustrates the fallacy of the *Merneigh* case, supra.

17. We have pointed out that *Merneigh,* supra, does not have the vote of five judges on the question here

involved. But if any member of this court feels that it does stand in our way in this case, and is a 5 to 4 decision, I respectfully submit that it should be forthwith overruled, or under the authority of *Hall v. Hopper,* 234 Ga. 625, 631 (216 SE2d 839), we may simply disregard *Merneigh,* supra, and not let it stand in the path of justice in the case now under consideration.

18. For the reasons set forth in Divisions 13, 14, 15, 16, and 17, the judgment is reversed.

*Judgment reversed. Bell, C. J., Deen, P. J., Clark and Webb, JJ., concur. Deen, P. J., Clark, Stolz and Webb, JJ., concur specially. Pannell, P. J., Quillian and Marshall, JJ., dissent.*

ARGUED JANUARY 9, 1976 — DECIDED APRIL 16, 1976.

*A. Edwin Pooser, IV, Millard C. Farmer, Jr.,* for appellant.

*Stephen Pace, Jr., District Attorney,* for appellee.

STOLZ, Judge, concurring specially.

1. I would reverse the judgment of conviction, but not upon the basis set forth in the majority opinion.

In *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) the Supreme Court set forth the following rules: "(1) The trial judge must charge the jury on each crime specified in the indictment or accusation, unless the evidence does not warrant a conviction of such crime, or unless the state has affirmatively withdrawn a crime or stricken it from the indictment or accusation. (2) The trial judge also may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation. However, his failure to do so, without a written request by the state or the accused, is not error. (3) The state or the accused may, by written application to the trial judge at or before the close of the evidence, request him to charge on lesser crimes that are included in those set forth in the indictment or accusation, and his failure to so charge as requested, if the evidence warrants such requested charge or charges, shall be error. (4) An erroneous charge on a lesser crime to that set forth in the indictment or

accusation does not rise to the level of reversible error, unless such charge was harmful to the accused as a matter of law."

As I interpret these rules, there is nothing therein which relieves the trial judge of the necessity of charging the general principles of law raised by the pleadings and the evidence, which of necessity must be applied in reaching a correct verdict on the issues. *Sledge v. State,* 99 Ga. 684 (1) (26 SE 756); *Foskey v. State,* 126 Ga. App. 268 (1) (190 SE2d 556). I find nothing in *Stonaker,* supra, which overrules the legal principle stated in *Foskey* and *Sledge,* supra. In *Stonaker,* supra, the Supreme Court stated that the establishment of the above quoted rules overruled the principle stated in *Kerbo v. State,* 230 Ga. 241 (196 SE2d 424). In *Kerbo,* supra, the conviction was reversed because of the trial judge's failure to charge on a lesser included offense (involuntary manslaughter). I cannot agree with the conclusion expressed in Division 10 of the majority.

2. A charge on inequality in physical strength between the defendant and the deceased was demanded by the evidence. The failure to do so is reversible error. *Strickland v. State,* 98 Ga. 84, 85 (2) (25 SE 908). I find myself in disagreement with Division 11 of the majority.

3. Likewise, the evidence required a charge on defense of habitation. Code § 26-903. The failure to so charge was reversible error. Hence, my disagreement with Division 12 of the majority opinion.

4. I concur in the dissent as to Divisions 12, 13, 14, 15, 16, 17 and 18, and would not reverse on the bases stated therein.

5. For the reasons stated in Divisions 1, 2 and 3, I concur in the judgment of reversal.

I am authorized to state that Presiding Judge Deen and Judges Clark and Webb, concur in Divisions 1, 2 and 3 of this special concurrence in the judgment of reversal only.

PANNELL, Presiding Judge, dissenting in part and concurring specially in part.

1. I dissent from the ruling of the majority contained in Paragraphs 13, 14, 15, 16, 17 and 18 of the majority

opinion, and the judgment of reversal based thereon.

2. I also concur specially with Divisions 11 and 12 of the majority opinion, as the wrong reason is given therein for reaching the conclusions that the failure to charge the principle stated in each of the enumerations of error was not error, although the correct result was reached.

My views on these positions are as follows:

1. This ruling is controlled by the full bench decision of this court in *Merneigh v. State,* 123 Ga. App. 485 (2) (181 SE2d 498), which the majority seek to have overruled and which, contrary to the contention of the majority opinion, was in my opinion approved by a vote of 5 to 4. Presiding Judge Hall concurred specially as to Division 1 of the opinion, but voted for an affirmance. He, therefore, of necessity approved Division 2 of the opinion, otherwise, he would have dissented from the judgment of affirmance. The writer of this dissent also concurred specially as to Division 1 in that opinion and expressly concurred in Division 2. Judge Quillian also concurred specially, his reasons not appearing; but he voted for affirmance and did not dissent. Judge Evans dissented as to Division 2 of the opinion in that case, and Chief Judge Bell and Judges Deen and Whitman, joined in that dissent.

I am still of the opinion that the decision in Division 2 of the opinion in *Merneigh v. State,* supra, is correct.

To me there seems to be an analogy to the privilege one has in not testifying to anything that would incriminate oneself, that is, testify against oneself, within the meaning of Code § 38-417; Code § 38-1205, and Article 2, Section 1, Par. 6 of the Constitution of the State of Georgia, and the rule here that a married woman is competent but not compellable to testify against her husband. In the former situation, this court in a case written by Judge Deen (*Chastain v. State,* 113 Ga. App. 601 (3) (149 SE2d 195)) held: "The privilege against self-incrimination cannot be asserted in advance of the questions actually propounded in the examination or hearing." Presiding Judge Nichols and Judge Hall concurred in that decision. If my analogy be correct, that case is also controlling here. I, therefore, dissent from the judgment of reversal on that ground in the present case.

I am authorized to state that Judges Quillian, Stolz

and Marshall concur in this dissent.

(a) The failure to charge on the inequality and physical strength of the defendant and the deceased without request, if error, is harmless error. This charge related to a defense to the charge of murder and the fears of a reasonable man. The defendant was acquitted of the charge of murder and convicted of voluntary manslaughter. Under these circumstances, the failure to charge as complained of was harmless error. See *Alexander v. State,* 118 Ga. 26, 28 (44 SE 851); *Barnes v. State,* 24 Ga. App. 372, 373 (6) (100 SE 788).

(b) The failure to charge without request on defense of habitation was not error for the reason that the habitation involved was not the habitation of the defendant; therefore, no such charge was required. *Brown v. State,* 8 Ga. App. 382 (5) (69 SE 45); *Day v. State,* 133 Ga. 434 (1) (66 SE 250).

In my opinion, the majority reaches the right result in Divisions 11 and 12, but for the wrong reason as expressed by Judge Stolz in his dissent; but in my opinion, this "wrong reason" for affirming the failures to charge as complained of in these grounds does not make the affirmance error, if the affirmances are correct for other reasons, as demonstrated above. I, therefore, concur specially in Divisions 11 and 12.

I would affirm the judgment of conviction.

I am authorized to state that Judges Quillian and Marshall concur in this division and a judgment of affirmance.