### 189. FREEMAN *v.* THE STATE.

1. The evidence in the case was such as to authorize the charge upon the subject of voluntary manslaughter.
2. In charging the jury that a defendant is justifiable if he does the killing "in self-defense, or in the defense of habitation, property, or person, against one who manifestly intends or endeavors by violence or surprise

to commit a felony on either," it is inaccurate and misleading to add to the correct definition of a felony ("an offense for which the offender, on conviction, shall be punished by death or imprisonment in the penitentiary, and not otherwise") the following: "If one man unlawfully kills another, that is a felony. That is what the law means by a felony. It is used in contradistinction or distinction of a misdemeanor, such an offense as an assault and battery. Got no right to kill a man for a mere assault, or assault and battery. Would have the right to kill a man to prevent him from killing you—if the other man is actually trying to kill you."

Conviction of manslaughter, from Coweta superior court—Judge Freeman. December 28, 1906.

Argued February 18,—Decided February 20, 1907.

*Hewlette A. Hall,* for plaintiff in error.

*J. Render Terrell, solicitor-general,* contra.

POWELL, J. The defendant was indicted for murder and convicted of voluntary manslaughter.

1. In his motion for new trial the defendant insists that the evidence demonstrates that there is no middle ground,—that he is guilty of murder or of nothing. It will not be profitable to set forth the evidence, nor the process by which we arrive at the result, for no new point of law is involved; so we will merely decide the matter by holding that the charge on this subject is justified by the evidence.

2. He also assigns error upon the following charge: "Well, gentlemen, the law of this State is, there being no rational distinction, the law says, between excusable and justifiable homicide, it shall no longer exist. Justifiable homicide, the law says, is the killing of a human being by commandment of the law, in execution of public justice; by permission of the law, in advancement of public justice; in self-defense, or in defense of habitation, property, or person, against one who manifestly intends, or endeavors, by violence or surprise, to commit a felony on either. Now the word felony, as used there, gentlemen, means an offense for which the offender, on conviction, shall be punished by death or imprisonment in the penitentiary, and not otherwise. If one man unlawfully kills another, that is a felony. That is what the law means by a felony. It is used in contradistinction or distinction of a misdemeanor, such an offense as an assault and battery. Got no right to kill a man for a mere assault or assault and battery.

Would have the right to kill a man to prevent him from killing you—if the other man is actually trying to kill you." This charge is fairly susceptible of the construction that only homicides are felonies. We know full well that the eminent judge who delivered this charge did not intend it in this sense, and that he meant merely to present an example. To a lawyer such an inaccuracy would not prove misleading, but to the juror taken from the ordinary walks of life the language, "If one man unlawfully kills another, that is a felony. That is what the law means by a felony," is apt to convey an impression harmful to the accused. We have read the entire charge of the court, and, save this one blemish, it is an extremely fair presentation of the law as applicable to the case; but in light of the evidence in the record we can not say that this error is harmless.          *Judgment reversed.*