### 19662. JACKSON *v.* THE STATE.

MOBLEY, Justice. The defendant was convicted of murder with a recommendation of mercy. His motion for new trial on the general and two special grounds was denied and he excepts.

Numerous eyewitnesses to the killing testified to the following facts: The defendant and the deceased got into an argument in a churchyard over the location of a grave that the deceased had dug. Following the argument, the deceased picked up the tools with which he had been digging, walked a short distance to his car, and put the tools in it. The defendant also walked to his car, and, as he passed one of the witnesses, was heard to curse and say, "I am going to kill him." The defendant got in his car, started the motor, and backed out into a roadway that led from the highway onto the church grounds. About this time, someone called to the deceased that he had left a tool at the graveside, and the deceased started across the roadway towards where he had been digging the grave. The defendant, his motor racing and the wheels of the car kicking up the dirt, drove his car towards the highway and towards the deceased who had started across the roadway. The deceased jumped back out of the roadway. The defendant, his motor racing, turned his car to the left, out of the roadway and towards the deceased and hit him. The impact threw the deceased up on the hood of the car for a few moments before he fell under the car and was dragged a short distance, the wheels finally passing over his body. The defendant, the wheels of his car still kicking up the dirt, turned into the highway without stopping and was later apprehended by police officers. *Held:*

1. The evidence authorized the verdict, and the general grounds of the motion for new trial are without merit.

2. In special ground 1 of the motion for new trial a lengthy extract from the testimony of L. H. Barron, a deputy sheriff and witness for the State, was objected to as being a conclu-

sion and hearsay. This witness stated, in the part of his testimony objected to in this ground, that he went to the scene of the crime and made an examination of the premises, taking measurements and drawing a diagram of the scene as he found it, the diagram being exhibited to the jury. He testified as to certain signs he observed upon the ground and as to automobile-tire tracks at the scene. While it might be inferable from the witness's testimony that certain facts to which he testified were based partially upon his conversation with witnesses who had been present when the deceased was killed, nevertheless a part of the testimony included in this ground is obviously not subject to the objections urged. It is well settled that, when a large portion of a witness's testimony is objected to, an order overruling the objection will not be reversed if any part of the evidence is not subject to the objection made. *Gully* v. *State,* 116 *Ga.* 527 (2) (42 S. E. 790) ; *Barnard* v. *State,* 119 *Ga.* 436 (3) (46 S. E. 644). This ground is without merit.

3. Special ground 2 excepts to the failure of the court upon request to give the following charge: "I charge you further in this connection that the rule of circumstantial evidence is involved, and it is incumbent on the State to produce evidence to you that will exclude every other reasonable hypothesis save that of the guilt of the accused. This rule applies, gentlemen, to all phases of the offense including the intent to kill the deceased." It was not error to refuse to give the requested charge. This request is not an accurate statement of the law of circumstantial evidence as contained in Code § 38-109. See *Thompson* v. *State,* 20 *Ga. App.* 176 (2) (92 S. E. 959) ; *Lewis* v. *State,* 196 *Ga.* 755 (3) (27 S. E. 2d 659). As to the requested instruction that "This rule applies . . . to all phases of the offense including the intent to kill the deceased," there was direct evidence to prove that the defendant intentionally ran over and killed the deceased with an automobile. And where, as here, there is direct evidence for the State to show an intentional killing by the defendant, the law presumes the homicide to be malicious until the contrary appears from circumstances of alleviation, excuse, or justification; and it is incumbent on the defendant to make out such circumstances to the satisfaction of the jury unless they appear from the evidence produced against him. *Ogletree* v.

*State,* 209 *Ga.* 413 (3) (73 S. E. 2d 201), and cases there cited. The State having introduced direct evidence sufficient, if believed by the jury, to prove every essential element of the offense of murder, the law of circumstantial evidence was not involved, and a charge thereon was not warranted by the evidence. This ground is without merit.

*Judgment affirmed. All the Justices concur.*

Submitted April 8, 1957—Decided May 16, 1957.

*Jack B. Taylor, Newell J. Smith, E. T. Averett,* for plaintiff in error.

*W. H. Lanier, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.