## 20434. SMITH v. THE STATE.

DUCKWORTH, Chief Justice. Beulah Lee Smith was indicted, tried, and convicted of murder with a recommendation of mercy, in Chatham Superior Court. Thereafter, she filed a motion for new trial, which was subsequently amended, and, after a hearing, denied. The exception is to that judgment. In brief, she killed her son-in-law in her own home in an attack with a knife and pair of scissors after she had entreated him to cease beating her daughter and he attacked her, hitting her on the head and knocking her hearing-aid off. There was evidence that the deceased had been drinking and had a reputation for violence, and that the knife and scissors were obtained by the accused after she was struck by the deceased. *Held:*

1. Where the circumstances are sufficient to excite the fears of a reasonable man that a felony is about to be committed on his person, it is justifiable homicide for him to kill another

who manifestly intends or endeavors by violence or surprise to commit a felony upon him, and *this is true whatever the grade of the felony may be.* Code §§ 26-1011, 26-1012; *Powell v. State,* 101 *Ga.* 9 (6a) (29 S. E. 309, 65 Am. St. Rep. 277); *Freeman v. State,* 1 *Ga. App.* 276, 278 (57 S. E. 924); *Teasley v. State,* 104 *Ga.* 738, 741 (30 S. E. 938); *Stubbs v. State,* 110 *Ga.* 916 (36 S. E. 200). Where, as here, the court, in charging with respect to the defense of justifiable homicide, also referred to the commission of or attempt to commit a "felonious assault," and thereafter defined a felonious assault as an assault with intent to kill, and nowhere in the charge defined felony other than in this definition, the charge was error, since it excluded all other grades of felony save that of assault with intent to kill. Justifiable homicide may exist under our law when a person kills another for reasons other than to save his own life. Hence the fourth ground of the amended motion is meritorious, and for this reason it was error to deny the amended motion for a new trial.

2. The defendant in a criminal case may consent to be cross-examined, but the law does not allow him to be placed under oath. Code § 38-415; *Roberts v. State,* 189 *Ga.* 36 (5 S. E. 2d 340); *Porch v. State,* 207 *Ga.* 645 (3) (63 S. E. 2d 902). Where, as here, the defendant offered to subject herself to cross-examination not under oath, and the court refused to permit her to do so, it was error. While the solicitor-general may refuse to cross-examine the defendant, and the defendant has the right to refuse to answer any questions asked of him, the defendant, nevertheless, has the right, as here, to offer to subject himself to cross-examination. Hence the court erred in refusing to allow the defendant to subject herself to cross-examination. Thus the sixth ground of the amended motion has merit, and the court erred in overruling the same.

3. The fifth ground of the amended motion is incomplete, in that it complains of the failure to charge on the law of justifiable homicide in a case of mutual combat, but fails to set out, in substance or otherwise, the definite principle of law which it is contended the court should have given in the charge. See Code (Ann.) § 6-901 (Ga. L. 1957, pp. 224, 232); *Smith v. State,* 125 *Ga.* 300 (54 S. E. 124); *Pitts v. State,* 197 *Ga.* 317 (28 S. E. 2d 864); *Elliott v. Robinson,* 198 *Ga.* 811 (6) (33 S. E. 2d 95); *Ehrlich v. Mills,* 203 *Ga.* 600 (3) (48 S. E. 2d

107). Thus this ground is insufficient to present any question for review.

4. If there is a conflict as to whether or not a statement, admission, or confession was made freely and voluntarily, that question then becomes one of fact for determination by the jury, provided a prima facie showing is made by the State that such statement was made freely and voluntarily and without hope of benefit of fear of injury. *Bradberry* v. *State,* 170 *Ga.* 859 (4) (154 S. E. 344); *Garrett* v. *State,* 203 *Ga.* 756 (48 S. E. 2d 377); *Downs* v. *State,* 208 *Ga.* 619 (68 S. E. 2d 568); *Harris* v. *State,* 214 *Ga.* 739 (107 S. E. 2d 801). The seventh ground of the amended motion, complaining that the testimony of the officer taking down the statement should have been excluded since the statement was not voluntary, is without merit, since the brief of evidence discloses that there was a conflict as to whether or not the accused, who was hard of hearing and wore a hearing-aid which was broken in the fracas and not being used at the time, understood the proceedings which occurred when she made her statement.

5. Under Code § 38-1703, the sequestration of witnesses is mandatory in all cases upon a timely request by any party, and a refusal of the trial judge to grant such a request renders all subsequent proceedings nugatory, thus requiring a new trial on the merits. *Poultryland, Inc.* v. *Anderson,* 200 *Ga.* 549 (37 S. E. 2d 785). In the exercise of discretion, the court may permit witnesses to remain in the courtroom to advise the opposite party, but the record must show that such was done for that purpose. However, the record fails to show any objection to the presence of or the testimony of the witness complained of here, hence this ground is insufficient in these respects.

6. While this court feels that the evidence is such that, had the conviction been of a lesser crime, the evidence would have more strongly supported the verdict, nevertheless, the evidence is sufficient to support the verdict, and the general grounds are without merit. But, for the reasons stated in headnotes 1 and 2, the court erred in refusing to grant the amended motion for new trial.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 14, 1959—DECIDED MAY 8, 1959.

*Aaron L. Buchsbaum, Erwin A. Friedman,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.