DECIDED MARCH 20, 1970.

(See page 323, ante.)

### 45161.  SCOTT v. THE STATE.

EVANS, Judge.  The appellant was indicted, tried and convicted of the offense of assault with intent to murder.  He was sentenced to serve a term of ten years in the penitentiary, with the last four years of said sentence to be probated.  A motion for new trial was filed but was dismissed for want of prosecution.  Thereafter, notice of appeal from the judgment of conviction and sentence was filed, and extensions of time for preparation of the record were obtained.  Errors are enumerated on the denial of a written plea in abatement to the indictment, on the court's refusal to charge several written requests, and on the dismissal of his motion for new trial.  *Held:*

1. There was evidence before the trial judge at a hearing of the plea in abatement from which it could be determined that the accused had employed counsel before indictment to reduce the bond which was reduced upon motion, and who represented the defendant at a committal hearing.  Counsel stated in his place that he was not aware until he received a copy

of the indictment that a Mr. Webb, who served on the grand jury, was a "member of the Board of Education." Under *Code Ann.* § 59-201 (Ga. L. 1953, Nov. Sess., pp. 284, 287) all citizens of this State being sui juris, who have resided in the county for six months preceding the time of serving, and who have been chosen as the most experienced, intelligent and upright persons, are qualified and liable to serve as grand jurors unless exempted by law. However, members of the county board of education are "incompetent to serve as grand jurors during their respective terms of office." Where a defendant is represented by counsel at the commitment hearing and where no challenge to the array of grand jurors is made until after the indictment, any contention that the grand jury is not properly constituted will be treated as having been waived. *Hinton v. State,* 223 Ga. 174 (1) (154 SE2d 246); *Blevins v. State,* 220 Ga. 720 (3) (141 SE2d 426); *Wooten v. State,* 224 Ga. 106 (1) (160 SE2d 403). It is therefore held that the service of the incompetent grand juror here had been waived. The error complaining thereof is not meritorious. While counsel points out that in *Reich v. State,* 53 Ga. 74, a special plea to an indictment is good if made on arraignment that "one of the grand jurors who framed the indictment or special presentment was an alien and was not qualified to sit as a grand juryman," this court is bound by the last and most recent full bench decisions of the Supreme Court by seven Justices rather than a 3-judge decision of that court, if it be indeed similar.

2. Error is enumerated on the definition of felony as given in the charge by the court as being a stronger meaning than that found in *Code* § 26-101, by reason of the fact that the court used the words "would be punished" instead of "shall be liable to be punished." This is a distinction without a difference, and we do not think the charge as given by the court amounts to any harmful error to the accused in regard to this excerpt of the charge. *Barnett v. Savannah Electric Co.,* 15 Ga. App. 270, 274 (82 SE 910); *Scarborough v. Walton,* 36 Ga. App. 428 (136 SE 830). A reading of *Freeman v. State,* 1 Ga. App. 276 (57 SE 924); and *Smith v. State,* 215 Ga. 51 (1) (108 SE2d 688) fails to show where these two cases would be controlling on the question here raised. The error enumerated on this charge is not meritorious.

3. The request to charge was, in substance, based upon a shifting

of the burden of proof upon the defendant to show justification or mitigating facts, in that he admitted shooting the injured person with a pistol, and that the court failed to instruct the jury as to quantum of proof required by the defendant to sustain his defense of justification. We feel the charge as given was sufficient, without instructing the jury that the burden of proof shifted to the accused since the charge as given was more favorable to him. *Carnes v. State,* 115 Ga. App. 387 (6) (154 SE2d 781). Examination of the cases of *Smith v. State,* 203 Ga. 317 (4) (46 SE2d 583); *Ogletree v. State,* 209 Ga. 413 (3) (73 SE2d 201); *Jackson v. State,* 213 Ga. 275 (3) (98 SE2d 571) and *Satterfield v. State,* 68 Ga. App. 7 (21 SE2d 861) are not authority for reversal on this point, although they virtually approve the charge requested. The charge as given was not erroneous, and no error is shown by the court refusing to give the written request to charge in this instance.

4. In a written request as to the fears of a reasonable man in believing that it was necessary to shoot the victim in order to save his life, the court gave, in substance, the request to charge with the exception of the last sentence: "This is true, although you should find there was in fact no actual danger, actual assault, or impending danger." It cannot be said that the charge of the court was not erroneous by reason of having refused to give this sentence in his charge. The charge as given was insufficient, as the evidence authorized the charge of the last sentence as to the fears of a reasonable man in the situation in which he found himself and in considering the evidence in the most favorable light for the accused. *Code* § 26-1012; *Glover v. State,* 105 Ga. 597 (31 SE 584); *McCray v. State,* 134 Ga. 416, 430 (68 SE 62, 20 AC 101); *Robertson v. State,* 95 Ga. App. 445, 449 (98 SE2d 199); *Shellman v. State,* 100 Ga. App. 663, 666 (112 SE2d 267).

5. The charge as given concerning the weight and credit to be given a witness's testimony and the law of this State as to the defendant not being compelled to give evidence for or against himself but that should a defendant desire he may testify in his own behalf and is competent to give evidence for or against himself in the trial of this case, was sufficient without a further instruction that if "the defendant elects to be sworn and become a witness in his own defense his testimony is to be given that same weight and credit as any

other witness under the same principles of law, which I have previously given you in charge." See *Code Ann.* § 38-415 (Ga. L. 1962, pp. 133, 134). A refusal to give this written request does not show error. The case of *Pickler v. State,* 220 Ga. 224 (2) (138 SE2d 171) has to do with the right of the defendant to make an unsworn statement, and the charge here is not calculated to confuse and mislead the jury. The general instruction concerning the weight and credit to be given testimony was sufficient. The alleged error enumerated is not meritorious.

6. Since there was no showing why counsel was absent and not present on the date of the hearing of the motion for new trial, the court did not err in dismissing the same. In addition, the evidence is sufficient to support the verdict and the general grounds are without merit. While the motion for new trial was dismissed and the appellant avers that the court erred in the dismissal for the reasons set forth in the errors enumerated, if there were error in dismissing the motion, every ground of complaint has been considered above. But, for reasons stated in Headnote 4, the judgment is

> *Reversed. Hall, P. J., and Deen, J., concur.*

ARGUED MARCH 4, 1970—DECIDED MARCH 20, 1970.

*Hendon & Henley, E. T. Hendon, Jr., J. Wayne Moulton,* for appellant.

*H. Eugene Brown, District Attorney,* for appellee.