## 49931. STONAKER v. THE STATE.

EVANS, Judge.

The Court of Appeals reversed the lower court in this case on the 13th day of February, 1975; the Supreme Court held the case until January 8, 1976, and reversed the Court of Appeals and now sends its judgment to us (the Court of Appeals) so we may correct our judgment accordingly. See *Stonaker v. State,* 134 Ga. App. 123 (213 SE2d 506); s. c. 236 Ga. 1 (222 SE2d 354).

The Supreme Court of Georgia began operation and deciding cases in 1846; the Court of Appeals of Georgia

began operation and deciding cases in 1907. During these one hundred and thirty years there has been a certain principle firmly fixed and established, and constantly, consistently and correctly followed, to wit: "In all criminal cases, it is reversible error for the trial judge to fail to charge, *even without a request,* that the jury may convict of a lesser offense instead of the offense charged, where there is *slight evidence* that the lesser offense is the one that was committed." All former Justices of the Supreme Court and all former Judges of the Court of Appeals have been firmly committed to the above proposition of law.

The renowned and great jurists who formerly served on the Appellate Courts of Georgia were responsible for giving form and substance to our law through their profound learning and decisions, and for bringing Georgia forward and to the very forefront in the history of jurisprudence. Of these great jurists it can be truthfully stated that their stars were the brightest luminaries in the entire galaxy of the heavens, where the study of law and the writing of decisions that made and upheld the law were concerned.

We may begin with *Reynolds v. State,* 1 Ga. 222 (1), written by Justices Hiram Warner, Joseph Henry Lumpkin, and Eugenius A. Nisbet. And in the Court of Appeals, we may begin with *Freeman v. State,* 1 Ga. App. 276 (1) (57 SE 924), written by Judges Benjamin Harvey Hill, Richard Brevard Russell and Arthur Gray Powell. To this list of giants we reverently add the names of Logan E. Bleckley, James Jackson, Andrew J. Cobb, and Thomas J. Simmons.

And so these stalwarts, with their genius and their great intellects, strode across the pages of the legal history of Georgia in ten-league boots, leaving their footprints in their legal decisions.

With the legal principle we have set forth at the outset, all of them agreed; not one disagreed.

Even as late as 1971, a unanimous decision by the Supreme Court of Georgia, held to this principle firmly and unequivocally in the case of *Banks v. State,* 227 Ga. 578, 580 (182 SE2d 106), as follows: "On the trial of a murder case, if there be any evidence, *however slight,* as to whether the offense is murder or voluntary

manslaughter, *instruction as to the law on both offenses should be given the jury. Gresham v. State,* 216 Ga. 106 (115 SE2d 191)." (Emphasis supplied.) And in the *Gresham* case, cited above, at page 108, it is held that the trial court commits error in refusing to charge on the lesser offense, *even though no request to charge is submitted by defendant.*

Now let us discuss the present case, *Stonaker v. State,* supra. The defendant was charged with child molestation, which carries a maximum penalty of 20 years. The evidence was sufficient (more than *slight evidence* although *slight evidence* only is required in such cases) to show that the offense committed was that of simple battery, a misdemeanor, the maximum penalty for which is 12 months confinement. We reversed for failure to charge the jury that they could convict of battery.

Our reversal was a correct finding, and the Supreme Court, in order to reverse us, was up against the time-honored principle that if there is any evidence, no matter how slight, the judge commits error unless he charges the jury they may convict of the lesser offense. So what did they do?

First, they reversed themselves in *Kerbo v. State,* 230 Ga. 241 (196 SE2d 424) (which court included four Justices who are still members of the court) and specifically named this case as being overruled. We do not know how many others of their own cases these seven Justices overruled; a study of all of them would be a time-consuming chore. But note the language these seven Justices use: "By the establishment of these rules it is obvious that the decision of this court in *Kerbo v. State,* 230 Ga. 241 (196 SE2d 424) (1973) *and similar rulings in other cases by this court and the Court of Appeals are overruled.*" (Emphasis supplied.) Please note the underlined words: *"and similar rulings in other cases by this court and the Court of Appeals are overruled."* (Emphasis supplied.)

Apparently inoffensive and not too important, they are nevertheless "as deep as the ocean — as high as the sky." They are almost without beginning and without ending. They are as a mighty wind-storm or sand-storm that covers the face of the earth and devastates as it moves

forward; as a mighty conflagration that consumes and destroys without leaving anything of value in its path.

In other words, the present seven Justices are overruling hundreds, nay thousands, of earlier cases. Every murder case, wherein it was held the court erred in not charging on manslaughter, is overruled. What happens to the individuals who have been acquitted under this principle which is now being laid to rest and buried by the present members of the Supreme Court? Could the seven Justices who made this ruling have failed to realize how far-reaching is their decision and what they have done to the law?

Some of those earlier giants who occupied the Supreme Court, who tower over each and all of us now on the Appellate Courts of Georgia, whose decisions stand as a memorial to their greatness and their genius, would turn over in their graves if they could but know their great, their correct, and their legal decisions are now being overruled.

These great legal giants include:

Nisbet
Lumpkin
Bleckley
Jackson (James)
Cobb
Simmons
Russell
Candler (T. S.)
Duckworth
Atkinson (S. C.)
Beck
Hall (Samuel)
Blandford
Evans (Beverly)

All of these distinguished and eminent Justices either wrote decisions or voted for decisions holding that it is reversible error, even without a request, to fail to charge that the jury may convict of a lesser offense instead of the greater offense, if there is even slight evidence to show the lesser offense is the one that was committed.

But the former Justices have long since gone back to Mother Earth; their bodies have returned to the dust from

which each of us is made, while their glory lives forever! They will be remembered with reverence and honor long after we are gone from this mortal scene.

If those renowned and learned former Justices were alive, no doubt they would suffer hurt because of this ruling in *State v. Stonaker*. But they are sleeping the long sleep, and it is beyond the power of mortal men to affect them even slightly.

Accordingly, and most reluctantly, the judgment and opinion in *Stonaker v. State*, 134 Ga. App. 123, supra, is vacated, set aside, and the judgment and opinion of the Supreme Court in *State v. Stonaker*, 236 Ga. 1 supra, which I believe with all my heart to be erroneous, is substituted therefor, and the judgment of the lower court is affirmed.

*Judgment affirmed. Pannell, P. J., concurs in the judgment only. Webb, J., concurs in the judgment but not in all expressions in the opinion.*

ARGUED NOVEMBER 6, 1974 — DECIDED FEBRUARY 17, 1976 — REHEARING DENIED MARCH 3, 1976 —

*Paul McGee, Weiner & Bazemore, Paul S. Weiner,* for appellant.

*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney,* for appellee.