306 Ga. 490
FINAL COPY

S19A0886.  SHUBERT v. THE STATE.

PETERSON, Justice.

Brent James Shubert appeals his convictions for malice murder and concealing the death of another in connection with the 2013 death of Bonny Cooner.[1] Shubert argues that the grand jury that indicted him was not a fair cross-section of the community in

___

[1] Shubert was indicted by a Franklin County grand jury on March 1, 2013, for malice murder, felony murder predicated on aggravated assault, and concealing the death of another. The State filed notice of its intent to seek the death penalty on May 29, 2013. Shubert filed a motion to quash the indictment on the grounds of an illegal grand jury venire on April 14, 2015. The State filed its response to the motion to quash on May 7, 2015. A hearing was held on the motion on July 6, 2015, and the trial court denied the motion on July 31, 2015. Shubert and the State then reached an agreement in which the State withdrew its notice of intent to seek the death penalty and Shubert waived his right to a jury trial. At a bench trial from November 30 to December 7, 2015, the trial court found Shubert guilty on all counts. Shubert was sentenced to life without parole for malice murder and ten years to run concurrently for concealing the death of another. The trial court purported to merge the felony murder count, but that count was in fact vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993). Shubert filed a timely motion for new trial on December 14, 2015, and amended it through new counsel on December 27, 2017. The parties submitted the motion for decision without a hearing, and the trial court denied the motion as amended on August 17, 2018. Shubert timely filed his notice of appeal. His appeal was docketed in this Court for the April 2019 term and submitted for decision on the briefs.

violation of the Sixth Amendment. We conclude that Shubert has failed to carry his burden to succeed on such a claim.

Viewed in the light most favorable to the verdicts, the evidence at trial shows that Cooner and Shubert had been dating and living together. In 2012, Shubert was charged with domestic violence for hurting Cooner. On January 28, 2013, Shubert worked with Denard Canady most of the day in Shubert's auto shop, which was located on Shubert's property. Later that evening, Shubert went to his house, and he and Cooner, who was draped in a Georgia Bulldogs blanket, returned to his auto shop. Shortly after, Canady heard a noise, went to investigate, and saw Shubert strangling Cooner with a cable. Shubert dragged Cooner by her hair and lifted her into a truck. Shubert threatened Canady and forced Canady to get into the truck with him.

Shubert drove to a well on Canady's family property and dumped Cooner into the well. Shubert then drove Canady home and threatened to kill Canady and his family if he told anyone about what he had seen. Shubert drove by Canady's home several times

2

that night to make sure Canady had not left.

Canady eventually went to the police and told them what happened. The police executed two search warrants in February 2013 and gathered hair and blood samples from the workshop and truck, as well as Cooner's Georgia Bulldogs blanket. They also found Cooner's body in the well. The blood and hair samples found in the shop matched Cooner's DNA. The autopsy revealed that Cooner died of strangulation.

After his arrest, Shubert approached two inmates, told one of them that he killed Cooner, told both of them that he disposed of her body, and offered both of them money to kill Canady to keep him from testifying.

1. Although Shubert does not challenge the sufficiency of the evidence, we have independently reviewed the record and conclude that the evidence presented at trial was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that he was guilty of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560)

(1979).

2. Shubert argues that the grand jury was not a fair cross-section of the community in violation of the Sixth Amendment because there were too many duplicate juror names on the grand jury list and those duplicates were disproportionately white. Shubert's claim fails.

To successfully make a Sixth Amendment fair cross-section claim, a defendant must prove three things: (1) the allegedly excluded group is distinctive; (2) representation of that group in jury pools was not fair or reasonable in relation to the number of persons in the community; and (3) that underrepresentation is due to systematic exclusion of the group from the jury selection process. *Duren v. Missouri*, 439 U. S. 357, 364 (99 SCt 664, 58 LE2d 579) (1979); see also *Ramirez v. State*, 276 Ga. 158, 161 (1) (c) (575 SE2d 462) (2003); *Morrow v. State*, 272 Ga. 691, 693 (1) (532 SE2d 78) (2000) ("The defendant has the burden of proving a prima facie case of constitutional error in the composition of the jury pool." (citation omitted)).

4

Shubert has failed to carry his burden because he presents insufficient evidence to determine the racial composition of the grand jury master list. Racial identification was supplied for only 29 percent of those people on the list. Although Shubert presents analysis of the data he does have, it is simply not possible to prove a disparity between the racial composition of the master jury list and that of the population of Franklin County when the race of 71 percent of those on the list has not been identified. Accordingly, Shubert is unable to meet his burden to make even a prima facie case for a fair cross-section claim.

*Judgment affirmed. All the Justices concur.*

DECIDED AUGUST 5, 2019.

Murder. Franklin Superior Court. Before Judge Malcom.
*Ryan C. Locke*, for appellant.
*Natalie S. Paine, District Attorney, Joshua B. Smith, Assistant*

*District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Scott O. Teague, Assistant Attorney General*, for appellee.