308 Ga. 317
FINAL COPY

S20A0173. BUNDEL v. THE STATE.

PETERSON, Justice.

Rosano Wensly Bundel appeals his convictions for malice murder and possession of a firearm during the commission of a felony in connection with the shooting death of George Tabetando.[1] Bundel argues that the weight of the evidence does not support his convictions and that the trial court erred in denying his motion for a new trial without conducting a hearing. Bundel's weight-of-the-evidence argument requires us to review the sufficiency of the evidence against him, and the evidence was sufficient to support his

---

[1] Tabetando was killed on November 26, 2011. In March 2012, a Cobb County grand jury indicted Bundel for malice murder, felony murder predicated on aggravated assault, aggravated assault, and possession of a firearm during the commission of a felony. Following a May 2012 trial, a jury found Bundel guilty on all counts. The trial court sentenced Bundel to life without parole for malice murder and a consecutive five-year term for the firearm offense. The felony murder count was vacated by operation of law, and the aggravated assault count merged with the malice murder conviction. On June 12, 2012, Bundel filed a timely motion for new trial. On April 26, 2019, the trial court denied Bundel's motion for new trial, and Bundel timely appealed. Bundel's case was docketed to this Court's term beginning in December 2019 and submitted for a decision on the briefs.

convictions. Bundel's second claim is also without merit because a trial court is required to hold a hearing on a motion for new trial only when one is requested, and Bundel did not do so. We affirm his convictions.

Viewed in the light most favorable to the jury's verdicts, the trial evidence showed the following. In the fall of 2011, George Tabetando and Tientchu Sieni attempted to scam Bundel out of thousands of dollars and met with Bundel independently to carry out the scam. After meeting Bundel at a hotel on November 26, Tabetando received a call from Bundel and agreed to meet him later that day at Cumberland Mall. Sieni went with Tabetando to meet Bundel.

While waiting for Bundel to arrive at the mall, Tabetando went inside to shop and Sieni remained in the car. Sieni saw Bundel arrive in a white BMW and called Tabetando to direct him to meet Bundel inside the mall, where Sieni thought it was safer because they had already received money from Bundel. Tabetando ignored Sieni's advice and met Bundel inside Bundel's vehicle. Soon after,

Tabetando fled the car and began to run. Bundel retrieved a gun from his car and chased Tabetando across the parking lot. Bundel shot Tabetando in the thigh. Tabetando fell, stood back up, and continued to run. Bundel shot Tabetando again, striking him in the other thigh, and Tabetando tried to jump over a fence, but fell as he went over it. While Tabetando lay on the ground, Bundel shot him again. Tabetando died from blood loss as a result of the gunshot wound to his left thigh that pierced his femoral artery.

Police recovered four .40-caliber bullets, one .40-caliber shell casing, and a 9mm shell casing from the crime scene. One of the live .40-caliber rounds was found near where Tabetando had been lying, and the .40-caliber shell casing was found near the fence. Sieni identified Bundel to police as the person who shot Tabetando. Police obtained Bundel's cell phone number and located and conducted a search of his residence. There, they found .40-caliber ammunition that was the same brand as the ammunition found at the crime scene.

Bundel testified in his own defense at trial. Bundel described his interactions with Sieni and Tabetando and his meetings with them at various hotels and at Cumberland Mall in November 2011. Bundel claimed that while he was outside the mall, Tabetando pulled a gun on him, took his money, and walked away. Bundel also testified that Tabetando told him that Tabetando knew where Bundel and his family lived and threatened to harm them if Bundel called the police. This caused Bundel to grab his gun and follow Tabetando, leading to a struggle in which Bundel heard a gunshot and fired at Tabetando in response. Multiple witnesses testified at trial that they did not see Tabetando with a firearm.

1. Bundel argues that the weight of the evidence presented at his trial does not support his convictions, and that the trial court erred in failing to grant a new trial based on the grounds set forth in OCGA §§ 5-5-20 and 5-5-21, which are commonly known as the "general grounds." This claim has no merit.

Under the general grounds, a trial court may grant a new trial when the jury's verdict is contrary to principles of justice and equity

or is strongly against the weight of the evidence, and a trial court may do so even where the evidence is legally sufficient to support the verdict. See *State v. Denson*, 306 Ga. 795, 798 (2) (833 SE2d 510) (2019). But the decision to grant or refuse to grant a new trial on the general grounds is vested solely in the *trial* court. Id. When a defendant appeals the trial court's denial of a motion for new trial, an *appellate* court does not review the merits of the general grounds. See *Strother v. State*, 305 Ga. 838, 843 (3) (828 SE2d 327) (2019). Instead, we simply review the case under the familiar standard of *Jackson v. Virginia*, 443 U.S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979), to determine whether the evidence, viewed in the light most favorable to the convictions, was sufficient to support them. See *Dent v. State*, 303 Ga. 110, 114 (2) (810 SE2d 527) (2018).

Applying the *Jackson* standard, we conclude that the evidence presented at trial and summarized above was sufficient for a rational jury to find Bundel guilty beyond a reasonable doubt of the crimes of which he was convicted. Multiple witnesses saw Bundel shoot Tabetando, chase him down, and then shoot him again.

Although Bundel claims that he was justified in killing Tabetando, the jury was not required to credit that testimony, and other evidence shows that Tabetando was unarmed and was running away during the encounter.

2. Bundel next argues that the trial court erred in denying his motion for new trial without conducting a hearing. He argues that he clearly requested a hearing on his motion, but the record does not support his argument.

Although a defendant has the right to a hearing on a motion for new trial, the trial court has no duty to hold such a hearing on its own initiative. See *Mangrum v. State*, 285 Ga. 676, 682 (8) (681 SE2d 130) (2009). It is the duty of the party seeking a hearing to take affirmative steps to request one, and failure to do so results in a waiver of the right to a hearing. See id.; see also *Wilson v. State*, 277 Ga. 195, 198 (2) (586 SE2d 669) (2003) (right to evidentiary hearing on motion for new trial is waived by failure to request one).

The record shows that after entry of Bundel's sentence, current appellate counsel replaced trial counsel and filed a motion for new

trial on Bundel's behalf. In that June 2012 motion, Bundel raised the general grounds for a new trial, reserved the right to amend his motion upon receipt of the trial transcripts, and requested that "his grounds for a new trial be inquired into" by the trial court. One day after Bundel's filing, the trial court entered an order stating that a hearing would not be scheduled until after the trial transcript had been completed and appellate counsel "has had a reasonable time" to read the transcript and prepare a particularized motion for new trial. The trial transcript was filed with the trial court in January 2015, but Bundel did not file a particularized motion for new trial.

Years later, in *Owens v. State*, 303 Ga. 254, 259-260 (4) (811 SE2d 420) (2018), we highlighted the frequency of significant delays in resolving post-conviction motions in superior courts and directed those courts to address this problem. In the light of our decision in *Owens*, the trial court denied Bundel's motion for new trial without conducting a hearing in April 2019, stating that it was deciding the motion based on the current filings of record. The trial court noted that Bundel never filed an amended, particularized motion for new

trial, and found that Bundel never affirmatively requested a hearing on his motion.

Bundel disputes the trial court's finding that he never affirmatively requested a hearing, arguing that his statement that his motion should be "inquired into" by the trial court constituted an affirmative request. But the phrase "inquire into" does not constitute an unambiguous request for a hearing, and nothing about Bundel's motion for new trial suggested that the trial court "inquire into" his motion through a hearing. Bundel's motion for new trial was based solely on the general grounds discussed above, which generally require a trial court to weigh the trial evidence and assess the credibility of witnesses and conflicts in the evidence. See, e.g., *State v. Cash*, 298 Ga. 90, 95 (2) (c) (779 SE2d 603) (2015); *Walker v. State*, 292 Ga. 262, 264 (2) (737 SE2d 311) (2013). The consideration of the general grounds is limited to the evidence introduced at trial. See *Cash*, 298 Ga. at 94 (2) (a) (distinguishing between general grounds raised in a motion for new trial, which do not require production of new evidence, and other grounds, like ineffective

assistance of counsel claims, which often may require additional evidence). Because Bundel was asking for a new trial on the general grounds only, there was no need for an additional hearing, as the trial court already had all the evidence it needed to address the general grounds.

Citing *Cooper v. State*, 249 Ga. App. 881 (549 SE2d 829) (2001), Bundel argues that he did not have to make a formal request for a hearing once the trial court said it was scheduling one. Even assuming *Cooper* applies here, the trial court said that a hearing would not be scheduled *until* the trial transcripts had been completed and appellate counsel had prepared a particularized motion for new trial. But Bundel never filed a particularized motion in the more than four years between the filing of the trial transcript and the trial court's ruling on his motion for new trial. Under these circumstances, the trial court did not err in denying his motion for new trial without holding a hearing.

*Judgment affirmed. Melton, C. J., Nahmias, P. J., and Blackwell, Boggs, Warren, Bethel, and Ellington, JJ., concur.*

DECIDED MARCH 13, 2020.
Murder. Cobb Superior Court. Before Judge Kell.
*Bruce S. Harvey; Stephen M. Katz*, for appellant.
*Joyette M. Holmes, District Attorney, Jesse D. Evans, Linda J. Dunikoski, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ashleigh D. Headrick, Assistant Attorney General*, for appellee.