**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 1, 2020**

# In the Court of Appeals of Georgia

A20A0911. PRIDE v. THE STATE.

MERCIER, Judge.

A jury acquitted Van Alexander Pride of armed robbery but found him guilty of aggravated assault. Following the denial of his motion for new trial, Pride appeals, asserting that the trial court erred in denying his motion to sever his trial from that of his co-defendant Lamar Hendrix,[1] and erred in denying his motion for new trial on the general grounds. We affirm.

Construed in favor of the verdict, as we outlined in Hendrix's appeal, the evidence showed the following.

---

[1] We affirmed Hendrix's convictions for armed robbery and aggravated assault. *Hendrix v. State*, ___ Ga. App. ___ (Case No. A20A0923; decided August 10, 2020).

[O]n September 12, 2016, Raul Garcia received a call from someone he knew only as "Justin" asking to purchase marijuana. When Garcia arrived at the designated location for the transaction, Justin was not there but two other individuals Garcia knew, Hendrix and his co-defendant Van Alexander Pride, got into Garcia's car, and the three drove to another area. At some point Hendrix pulled out a gun and Pride attempted to take the bag of marijuana from Garcia. Garcia and Pride began fighting over the bag of marijuana, and during the struggle, Hendrix "pistol [ ] whipped" Garcia with the gun. Pride took Garcia's cell phone and when Garcia demanded it back, Pride told Garcia to "leave it alone . . . before [Hendrix] bust you," which Garcia understood to mean that Hendrix would shoot him. Hendrix and Pride then "took off running."

*Hendrix v. State*, ___ Ga. App. ___ (Case No. A20A0923; decided August 10, 2020).

Pride testified in his own defense[2] and explained that after he gave Garcia the money for the marijuana, Garcia told him to get out of the car. Pride then demanded that Garcia return his money, and when Garcia refused, Pride began punching him in the face. Pride explained further that while he and Garcia were tussling over the money, Garcia produced a handgun and tried to point it at him, but Pride grabbed it and the two wrestled over the gun. Pride claimed that Hendrix then grabbed the gun

---

[2] Hendrix exercised his right not to testify.

2

while he (Pride) and Garcia continued to fight, with Garcia dropping the money and putting Pride in a chokehold. At some point, Pride explained, he bit Garcia on the arm, grabbed the money, got out of the car, and ran. He noticed as he was running that Hendrix was running behind him.

1. Pride argues that the trial court erred in denying his motion to sever his trial from that of his co-defendant Hendrix. "When two or more defendants are jointly indicted for non-capital offenses or a capital offense where the State does not seek the death penalty, such defendants may be tried jointly or separately in the discretion of the trial court. OCGA § 17-8-4 (a)." *Walter v. State*, 304 Ga. 760, 762 (2) (822 SE2d 266) (2018) (punctuation omitted). The trial court has broad discretion to grant or deny a motion for severance in such circumstances. Id. "In ruling on a motion to sever, a trial court should consider: (1) the likelihood of confusion of the evidence and law; (2) the possibility that evidence against one defendant may be considered against the other defendant; and (3) the presence or absence of antagonistic defenses." *Smith v. State*, 308 Ga. 81, 85 (2) (839 SE2d 630) (2020) (citations and punctuation omitted). As Pride acknowledges,

> [t]he mere presence of antagonistic defenses or possibility that a
> separate trial would give a defendant a better chance of acquittal is

3

insufficient to show an abuse of discretion. Rather, the defendant bears the burden of showing that a joint trial was so prejudicial as to amount to a denial of his right to due process.

Id. (citations and punctuation omitted).

Pride contends that the evidence presented against Hendrix, particularly other act evidence,[3] was so overwhelming that it had a "spillover effect" on his defense and affected the jury's verdict. He argues further that even if he acted in concert with Hendrix in attempting to purchase marijuana, he did not act in concert with him in any action involving the handgun. But Pride has not shown that the joint trial was so prejudicial as to amount to a denial of due process.

There was no indication that the jury was confused on the evidence or the law, or that the evidence against Hendrix was considered against Pride. And, their defenses were not antagonistic to one another. Pride and Hendrix were each charged with the same crimes, individually and as parties to the crimes, and the trial court instructed the jury on the law regarding parties to a crime, mere presence, and mere association, and also instructed that the prior act evidence was to be considered as

---

[3] The State presented evidence, pursuant to OCGA § 24-4-404 (b), that Hendrix had committed a prior robbery.

4

evidence against Hendrix only. The jury returned separate verdicts, acquitting Pride of armed robbery. Under these circumstances, we find no abuse of the trial court's discretion in denying Pride's motion to sever. See *McClendon v. State*, 299 Ga. 611, 615 (3) (791 SE2d 69) (2016); *Issa v. State*, 340 Ga. App. 327, 333-334 (2) (796 SE2d 725) (2017) (no abuse of trial court's denial of motion to sever where two defendants were charged with jointly participating in crimes, their defenses were not antagonistic, and the court instructed the jury that similar bad acts were to be considered against only one defendant).

2. Pride asserts that the trial court should have granted his motion for new trial because the jury's verdict was contrary to the evidence and principles of justice and equity. See OCGA §§ 5-5-20 and 5-5-21.

> Under the general grounds, a trial court may grant a new trial when the jury's verdict is contrary to principles of justice and equity or is strongly against the weight of the evidence, and a trial court may do so even where the evidence is legally sufficient to support the verdict. But the decision to grant or refuse to grant a new trial on the general grounds is vested solely in the trial court. When a defendant appeals the trial court's denial of a motion for new trial, an appellate court does not review the merits of the general grounds. Instead, we simply review the case under the familiar standard of *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979), to determine whether the

5

evidence, viewed in the light most favorable to the convictions, was sufficient to support them.

*Bundel v. State*, 308 Ga. 317, 318 (1) (840 SE2d 349) (2020) (citations, punctuation and emphasis omitted).

Pride was charged individually and as a party to the crime of aggravated assault for hitting Garcia in the face with a handgun with the intent to rob him. Pride argues that he did not act in concert with Hendrix in any action involving the handgun, and that any action that Hendrix took during the struggle should be deemed either defense of Pride or Hendrix's own actions. He argues further that the evidence against him is weak, especially in light of the inconsistencies in Garcia's testimony and that Garcia admitted he lied to police about having money taken from him.

OCGA § 16-2-20 (a) provides that "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." And "[a] person is concerned in the commission of a crime only if he . . . [i]ntentionally aids or abets in the commission of the crime." OCGA § 16-2-20 (b) (3). "Mere presence at the scene of the crime is not sufficient evidence to convict a defendant of being a party thereto; however, the jury may infer a common criminal intent from the defendant's presence, companionship, and conduct with the

other perpetrators before, during and after the offense." *Broxton v. State*, 306 Ga. 127, 136 (4) (829 SE2d 333) (2019) (citations omitted). And, it is solely within the jury's authority to resolve conflicts, weigh the evidence, and judge the credibility of witnesses. *Laster v. State*, 311 Ga. App. 360, 362 (1) (715 SE2d 768) (2011).

Evidence that Pride entered Garcia's vehicle with Hendrix for the purpose of purchasing marijuana, struggled with Garcia over the bag of marijuana while Hendrix hit Garcia with the gun, took Garcia's cell phone and threatened that Hendrix would "bust [him]," and then fled with Hendrix, was sufficient for the jury to find that Pride was a party to the crime of the aggravated assault of Garcia. See *Garcia v. State*, 290 Ga. App. 164, 165 (2) (658 SE2d 904) (2008) (where defendant's companion pulled out a gun and fired shots into apartment, evidence that defendant went to the apartment with others to start a fight, and that he was present during the crime and fled the scene with others afterward, was sufficient to authorize conviction as a party to the crimes); see also *Charleston v. State*, 292 Ga. 678, 680-681 (1) (743 SE2d 1) (2013) (even if defendant was not the shooter, conduct before, during, and after the shooting supported convictions as a party to the crimes).

*Judgment affirmed. Miller, P. J., and Coomer, J., concur*.